**People of the State of Illinois, Plaintiff-Appellee, v. Ronald Arroyo, Defendant-Appellant.**

Gen. No. 67–38.

Third District.

September 22, 1969.

Wolslegel and Armstrong, of Ottawa, for appellant.

Robert E. Richardson, Jr., State's Attorney of LaSalle County, of Ottawa, for appellee.

STOUDER, P. J.

In a petition for revocation of probation filed by the State's Attorney of LaSalle County, the Defendant, Ronald Arroyo was alleged to have violated the terms of his probation by the commission of three felonies in January, 1965. After hearing, the Circuit Court of LaSalle County found that the defendant was guilty of violation of his probation in that he committed the three felonies described and thereupon his probation was revoked and he was sentenced to a term of from 1 to 10 years in the penitentiary from which judgment and sentence the defendant has appealed.

Defendant has made several assignments of error but the only alleged error which we believe it necessary to consider is defendant's contention that the evidence is insufficient to warrant the conclusion that he committed the three felonies alleged.

In summary, the facts are that on the evening of January 28, 1965, the defendant with two companions, Vasquez and Grant went to several taverns in the La Salle County area, the trio using Vasquez's father's car. About midnight Vasquez having to take his father's car home, asked the defendant to borrow a car from one Harris which the defendant did, giving the keys to Vasquez. According to defendant he did not see Vasquez or Grant until several hours later as he, the defendant, was on his way to the home of a friend in LaSalle. Vasquez said the police were looking for them and after defendant got into the car they went to the house of a friend near Spring Valley where they went to sleep, and were thereafter arrested. Vasquez and Grant were apprehended and charged with three burglaries which occurred that night. At the time of the arrest the proceeds of the burglaries were found in the house but no proceeds of the burglaries were found on defendant.

Vasquez pleaded guilty to the burglary of a cigar store but at the time of the hearing on the probation revocation, some thirteen months later, he had not been sentenced. Other than as described in the petition for revocation of probation, defendant was never officially charged with the three burglaries.

At the hearing on the probation revocation in April, 1966, the only evidence of defendant's participation in the burglaries was the testimony of Vasquez, about which more will be said later. A police officer also testified concerning the occurrence of the burglaries and the arrest of defendant. Defendant testified in his own behalf, denying any involvement in the burglaries.

It appears that prior to the hearing, Vasquez made three confessions, two absolving and one implicating defendant. When Vasquez was called as a witness by the State on the morning of the hearing, he admitted his commission of the offenses, but denied that the de-

fendant was in any way involved. Thereupon the State's Attorney requested leave to question Vasquez as a hostile witness, which permission was granted, but Vasquez continued to deny that defendant was involved. After the noon recess Vasquez was again questioned by the State's Attorney, at which time the witness stated that he had lied in the morning and that the defendant had participated in the burglaries. During his ensuing cross-examination the witness denied that he had been coerced into changing his testimony but did admit that he had been "upstairs" in the State's Attorney's office during the noon recess, and also admitted that he had tried to escape but had been apprehended by a state police officer. It also appears that Vasquez had served a term in the penitentiary for the prior conviction of a felony.

Defendant argues that the only evidence of his guilt is the testimony of Vasquez which is, under the circumstances, incredible and unworthy of belief. The State concedes that Vasquez "vacillated" in his testimony but contends that the trial court is the sole judge of the credibility of witnesses and since the trial court decided to believe Vasquez, its judgment is not erroneous.

■■■■■ Although a probation revocation hearing is not a criminal proceeding, the deprivation of liberty which is a possible consequence requires that the evidence of violation be clear and convincing. See People v. Dwyer, 57 Ill App2d 343, 206 NE2d 113. As a general rule, the testimony of a self-confessed coconspirator must be viewed with suspicion. Where such self-confessed coconspirator lies on the witness stand or directly contradicts the material substance of his testimony while testifying as a witness, it appears to us that such testimony is inherently unworthy of belief unless corroborated. Where such direct contradiction has occurred we do not see how a trial court can be justified in believing one account rather than the other. Which story shall be

believed when the witness says, "I lied but now I am telling the truth?" The State argues that the testimony of Vasquez was corroborated by other evidence, either that of the police or of the defendant himself. The corroborative evidence consists of the facts concerning the borrowing of the car, and the defendant's association with Vasquez before and after the burglaries. Such evidence of purported corroboration is of no aid since it is corroborative of either story of Vasquez and offers no assistance in determining which of his stories was true. It appears that the trial court was disinclined to believe the testimony of defendant. Nevertheless, the State is not relieved from the necessity of proving the charges by credible evidence. Under the circumstances, we believe the probation violation is unsupported by sufficient credible evidence.

Accordingly the judgment of the Circuit Court of La Salle County finding the defendant guilty of violation of his probation is reversed and the sentence imposed pursuant thereto is vacated.

Judgment reversed.

ALLOY and RYAN, JJ., concur.