THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLENN CROWELL, Defendant-Appellant.

(No. 71-55; ▬▬▬)

Fifth District—October 27, 1971.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Kenneth Powless, State's Attorney, of Marion, (Snyder Howell, Assistant State's Attorney, of counsel,) for the People.

PER CURIAM:

Defendant Glenn Crowell was placed on six months probation on his plea of guilty to a charge of theft of less than $150. One of the conditions of his probation was "that defendant shall not violate any laws of the State of Illinois or any ordinance of any city or village therein during said probation." During his probation, defendant was again arrested and charged with theft. A hearing was held, and probation was revoked.

■■ Defendant first contends that "clear and convincing evidence" is the proper standard of proof in probation revocation proceedings, and that the trial court therefore erroneously applied the "preponderance of evidence" test. It is true that the Third Judicial District requires a showing of clear and convincing evidence to revoke probation. (*People v. Dwyer*, 57 Ill.App.2d 343, 206 N.E.2d 121; *People v. Arroyo*, 112 Ill.App.2d 480, 251 N.E.2d 409.) However, this judicial district has required only that the probation violation be proved by a preponderance of evidence. *People v. Dotson*, 111 Ill.App.2d 306, 350 N.E.2d 174.

■■■ Defendant next argues that even if preponderance of evidence is the proper quantum of proof requirement, the violation was not proven to that degree. We hold otherwise. On the record the defendant concedes that the hay found in his possession might have been stolen, but argues that he was not the thief. In support of this, he presented three witnesses who testified that he bought the hay from a stranger in a tavern. The state presented substantial evidence leading to a contrary inference. The question of revocation of probation is a matter resting largely within the discretion of the trial judge, and his decision will not be overturned on review absent a clear showing of abuse. (*People v. Dotson, supra.*) In his memorandum the trial judge indicated that he was impressed with the reliability and credibility of the state's witnesses and that he found defendant and his witnesses most unconvincing. This, taken together with the substantial evidence in the record of defendant's guilt, compels us to find that the judgment below is supported by the preponderance of competent evidence.

■■ Third, defendant claims that the trial court committed reversible error in receiving evidence of the alibi defendant used when arrested for the first theft, and of the similarity between that and the alibi used in the second theft. We agree that the trial court erred in receiving this evidence, but hold that the error is not sufficient to warrant reversal. (*People v. Castanza*, 92 Ill.App.2d 419, 236 N.E.2d 251.) When a cause is tried by the court without a jury, the judgment will not be reversed on the ground of the admission of immaterial or incompetent evidence if sufficient proper evidence was admitted to sustain the finding. (*Schroeder v. Harvey*, 75 Ill. 638.) It will not be presumed that the trial court, when

trying a case, ever considers immaterial or improper evidence in reaching a decision, or that it was misled thereby. *Merchants Dispatch Transp. Co. v. Joesting,* 89 Ill. 152.

■■ Defendant's final contention is that the sentence of six months confinement was excessive. Under the circumstances presented by this case, a sentence of six months confinement was not excessive.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.