(No. 44844.— ▇▇▇▇▇▇▇▇)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. GLENN CROWELL, Appellant.

*Opinion filed January 26, 1973.*

JAMES R. STREICKER, Illinois Defender Project, of Chicago (KENNETH L. GILLIS, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and KENNETH POWLESS, State's Attorney, of Marion (JAMES B. ZAGEL, THOMAS E. HOLUM and JOHN A. O'MALLEY, Assistant Attorneys General, and SNYDER HOWELL, Assistant State's Attorney, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The issues involved in this case are: what quantum of proof is required by the People in a probation revocation proceeding where the probationer has been charged with, but not convicted of, another criminal offense; was the evidence produced by the People at the hearing insufficient to prove the defendant guilty of the alleged subsequent theft; and did the trial court err in admitting evidence of a similarity between the explanation used by the defendant at the probation revocation hearing and that used by him when he was arrested for the offense to which he pleaded guilty.

The defendant, Glenn Crowell, was placed on probation for 6 months by the circuit court of Williamson County following a plea of guilty to a charge of theft of less than $150. One of the conditions of his probation was that he should "not violate any laws of the State of Illinois or any ordinance of any city or village therein during said probation." However, during his probation he was arrested and charged with theft of less than $150. After a hearing, an order was entered revoking his probation, and he was sentenced to the Illinois State Farm at Vandalia for a period of 6 months. He appealed from this order to the appellate court, which affirmed the trial court. (*People v.*

*Crowell (1971), 1 Ill. App. 3d 868.*) We granted leave to appeal.

The following facts were adduced at the hearing to revoke the defendant's probation. John Clayton, a Carbondale farmer and State's witness, testified that on January 6, 1971, while he was driving past a storage barn which he knew to be owned and used by Emmett Harrison, a neighboring farmer, he observed a white truck with a flat bed equipped with cattle stakes emerge from the barn and pass him while proceeding in the opposite direction. He further stated that these circumstances aroused his suspicions; that he turned around and pursued the truck, but never drew close enough to determine its license number, make, or model, or whether it was loaded; and that he shortly lost sight of the truck. He also stated that he later saw a bale of hay, which he had not previously noticed, at the place where the truck entered the highway after leaving the road to the barn.

Harrison testified that he discovered the bale of hay lying beside the highway the next day and found that other bales were missing from his barn. Harrison stated that he could positively identify the hay stored in that barn due to the particular cut of the hay left by the mowers, the size, color, and composition of the hay bales, and the knot left by the baler.

That evening, Clayton told Harrison what he had seen and Harrison began a search for the truck. Three days later, on January 9, with the help of the police and Clayton, the truck was found parked in front of the defendant's residence loaded with hay which, after examination, Harrison identified as his hay. The defendant at that time did not dispute the fact that the hay was Harrison's, but asserted that he had purchased it the previous night from a stranger at a tavern in Carbondale. Harrison further testified that 25 to 35 bales were taken from his barn on January 6, 200 on January 8, and 25 to 30 on January 9.

The People's third witness, the police officer, testified to his initial location of the truck which answered the description given by Clayton.

The defendant, testifying on his own behalf, admitted that he owned the flat bed truck in question, but denied that he was in the area of Harrison's barn on January 6. He stated that he had purchased the hay from an unknown man in a tavern on January 8. Over objection, the State's Attorney cross-examined the defendant concerning the similarity of this explanation of his possession of the stolen hay with that offered before when he pleaded guilty to the charge of theft of a boat, for which he was placed on probation.

Four witnesses testified on behalf of the defendant that they observed an unknown man of average description enter the bar and offer to sell some hay; that they saw the defendant leave the tavern, presumably to inspect the hay which was allegedly loaded on a truck parked outside the tavern; but three of the witnesses testified that they did not see the hay or witness the actual purchase of it by the defendant. One witness testified that he saw the defendant drive his truck from the tavern and that hay was on it.

At the conclusion of the hearing, the trial judge revoked the defendant's probation. In his memorandum opinion, he stated that he believed the State's witnesses were telling the truth and that the defendant's witnesses "were so unconvincing that the court could come to no other conclusion but that they were not truthful in their statements and that the defendant had stolen the hay."

The defendant contends initially that the State must prove, by "clear and convincing" evidence, the allegations of the petition to revoke probation. To support his position, he relies upon *People v. Arroyo (1969), 112 Ill. App. 2d 480, People v. Dwyer (1965), 57 Ill. App. 2d 343,* and *People v. Burrell (1948), 334 Ill. App. 253.* However, in *Dwyer,* at page 346, the court cited and quoted from *People v. Price (1960), 24 Ill. App. 2d 364, 379,* which

held that the violation of probation must be proved "by a preponderance of the evidence." We, therefore, find the defendant's argument in this respect to be without merit.

Prior to the adoption of the Criminal Code, effective January 1, 1964, direct review by the appellate court of orders revoking probation was final. Section 15 of the prior Probation Act (Ill. Rev. Stat. 1963, ch. 38, par. 798), provided among other things, "The appellate courts of this State are hereby given jurisdiction finally to hear and determine all such appeals ***." Also see: *People v. Kuduk (1944), 388 Ill. 248, 250; People v. Price (1960), 24 Ill. App. 2d 364, 371.* Under the Probation Act, as amended in 1967 (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(e)), "The defendant may appeal from any judgment altering the conditions of or terminating probation." Supreme Court Rule 604(b) (50 Ill.2d R. 604(b)) similarly provides for such appeal. Thus, the appellate review of a revocation of probation is not necessarily final.

Since this court has never before ruled on the precise question of what the quantum of proof should be in a probation revocation proceeding, and in the absence of statutory provision therefor (Ill. Rev. Stat. 1971, ch. 38, par. 117—1 *et seq.*), we hold that a violation of the conditions of probation must be proved by a preponderance of the evidence.

We note, moreover, that the General Assembly has specifically incorporated this standard in the new Illinois Code of Corrections (Ill. Rev. Stat. 1971, ch. 38, par. 1005—6—4(c); P.A. 77—2097), effective January 1, 1973.

The defendant next contends that the evidence produced at the hearing was insufficient to prove his guilt of the theft of the hay. However, the finding of a violation of probation will not be disturbed simply because of a conflict in evidence. The trial judge who heard the evidence was in a better position to weigh the testimony of the witnesses than is a reviewing court, and we will substitute our judgment for that of the trial court only

when the testimony is contrary to the manifest weight of the evidence and not where the evidence is merely conflicting. *People v. Guido (1962), 25 Ill.2d 204, 208.*

Finally, the defendant argues that the trial court committed error in admitting over his objection evidence of a similarity between the explanation used by the defendant in his revocation hearing for possession of the stolen hay, and that which he gave when he was arrested for the original charge of theft of a boat, to which he pleaded guilty. Conceding, for the purpose of this contention only, that the admission of this evidence was error, we find that it was harmless and does not require reversal. (*People v. Tranowski (1960), 20 Ill.2d 11, 17.*) Therefore, the judgment of the appellate court affirming the trial court's order of revocation of probation is affirmed.

*Judgment affirmed.*