THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUNIUS WHITT, Defendant-Appellant.

(No. 72-267;

Third District—January 30, 1974.

STOUDER, P. J., specially concurring.

James Geis, Deputy Defender, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On May 17, 1971, the defendant Junius Whitt was placed on two years probation by the Circuit Court of Peoria County, after pleading guilty

to the offense of criminal damage to property. The terms of the defendant's probation were that he was to report once a month to the adult probation officer until his probationary period was terminated; that he was to pay the costs of the proceedings had against him; that he was to make restitution in the amount of $509.66 and that he was to abide by the mandatory conditions of probation prescribed by statute and also to conditions of probation previously authorized by the Circuit Court of Peoria County and which were to apply in all probation cases.

On September 24, 1971, the defendant was again placed on probation for driving a motor vehicle with a revoked license. His term of probation for this offense was six months and he was ordered to pay a fine and court costs totalling $160.00.

On June 2, 1972, the adult probation officer of Peoria County reported that the defendant had violated his terms of probation which had been established when he was found guilty of the offense of criminal damage to property. The violations asserted by the probation officer were the driving conviction, refusal to report to the probation office as directed, failure to satisfy the fine imposed in both of his convictions and failure òf the defendant to report to the Zeller Zone Center on March 13, 1972, for an examination.

The trial court appointed the public defender to represent the defendant in the revocation hearing and further granted his motion for a change of judges for the hearing.

On June 19, 1972, a hearing was had upon the request for revocation of the defendant's probation. After evidence was presented the State moved to dismiss certain allegations of probation violations contained in the request for revocation. This motion was granted leaving as alleged violations only the defendant's conviction for driving with a revoked license and his refusal to report to the probation officer on a monthly basis as required by the conditions of his probation. The trial court made a finding that the report of violation of probation was correct as to the remaining two alleged violations and revoked the defendant's probation.

It should be noted that the record discloses that during the hearing the defendant testified in his own behalf and admitted that he did not report to the probation officer once a month and that he had in fact pled guilty to the offense of driving with a revoked license and was placed on probation for this offense.

It further appears in the record that during a hearing in aggravation and mitigation the defendant's attorney made the following statement:

"That the defendant appears to have violated the condition of his probation by driving on a revoked license and perhaps by failure to make the reports, although the evidence is not com-

pletely clear that he was so advised to make monthly reports."

At the conclusion of the hearing in aggravation and mitigation the defendant was sentenced to a term of not less than three nor more than five years in the penitentiary.

■■ The first issue raised by the defendant in this appeal is that the State failed to provide sufficient proof that the defendant violated his probation. In considering this issue we first recognize that if a defendant after proper hearing is found to have violated any term of his probation, the same may be revoked and he can be resentenced. (See Ill. Rev. Stat., ch. 38, sec. 1005—6—4.) Further it is now well settled that while the State has the burden of proving the violation, this proof need not conform to the reasonable doubt standard, but proof by mere preponderance of the evidence is sufficient. In the case of *People v. Crowell,* 53 Ill.2d 447, 451, 292 N.E.2d 721, 723 our Supreme Court recently stated:

> "Since this court has never before ruled on the precise question of what the quantum of proof should be in a probation revocation proceeding, and in the absence of statutory provision therefor (Ill. Rev. Stat. 1971, ch. 38, par. 117—1 *et seq.*), we hold that a violation of the conditions of probation must be proved by a preponderance of the evidence.
>
> We note, moreover, that the General Assembly has specifically incorporated this standard in the new Illinois Code of Corrections (Ill. Rev. Stat. 1971, ch. 38, par. 1005-6-4(c); P.A. 77—2097), effective January 1, 1973."

Since this clear pronouncement of our Supreme Court has settled the question as to the quantum of proof required in probation revocation hearings, then we must determine if such alleged violation was in fact proven by a preponderance of the evidence.

■■ The chief probation officer of Peoria County testified for the State and his testimony was that the defendant reported to his office on only three occasions in a period of over one year, yet one of his conditions of probation was that monthly reports be made. This witness also testified as to the defendant's conviction of driving with a revoked license and his sentence of probation for this offense. Two violations of probationary conditions were clearly set forth by the testimony of the probation officer and the defendant himself on cross examination and his counsel during the course of an argument further made admissions as to these violations. We can only conclude that the preponderance of evidence standard was met by the State in proving violations which made it quite proper for the trial court to revoke probation and resentence the defendant.

In the brief of the defendant it is argued that the State's case was not supported by competent evidence. Assuming for purposes of argu-

endo only that such contention has merit, any such incompetency was cured and eliminated by the defendant's own admissions as to two violations, either of which could be grounds for revocation.

■■ The defendant next claims that the length of time from the incidence of the offense of driving with a revoked driver's license to the beginning of the probation revocation proceedings was such as to deprive him of due process and equal protection of the law. In reviewing the sequence of events concerning the defendant's problems we find that he was placed on probation for the driving violation on September 24, 1971. This term of probation terminated in March, 1972. The revocation proceedings on the probationary sentence imposed for the crime of criminal damage to property were commenced on June 8, 1972. The defendant cites the rule set forth in *People ex rel. Houston v. Frye*, 35 Ill. 2d 591, 221 N.E.2d 287, which was stated by our Supreme Court as follows:

> "The rule is clear that such post-trial activity, including the imposition of sentence, may not be indefinitely postponed, for public policy and the effective enforcement of the criminal law require reasonable promptness in those areas of its administration where specific time limitations are not imposed. Whether a given period of delay is so unreasonable as to deprive a court of its authority to proceed is dependent in substantial measure upon the circumstances."

In *Houston* the court held that the complained of lapse of almost two years between plea of guilty and imposition of sentence was acceptable because the postponement of sentencing was agreed to by the defendant.

The defendant next in support of his contention cites the case of *United States v. Rucker*, 464 F.2d 823. In *Rucker* the defendant was incarcerated on an unrelated offense and was not brought to trial for the principal offense for fourteen months. The court held "that loss of the chance for substantially concurrent sentences constitutes reversible error." We fail to see the relevancy of the *Rucker* case to the one we are now considering. In the instant case the defendant was not prejudiced by incarceration. We fail to find that there was a period of delay present which was so unreasonable as to deprive the trial court of its authority. As stated by the pronouncement of our Supreme Court in the case of *Houston*, whether a delay is so unreasonable as to deprive a court of its authority to proceed is dependent in substantial measure upon the circumstances. In viewing the circumstances in the instant case the defendant in fact did receive the benefit of two concurrent sentences of probation. He served a six month probationary sentence for the driving

offense while serving the probationary sentence imposed upon him for the original offense of criminal damage to property. On two separate occasions for two unrelated offenses the Circuit Court of Peoria County attempted to assist the defendant in a course of rehabilitation by granting probation and we fail to see that he was in any way prejudiced by any delay of court proceedings.

■■ The defendant raises two further contentions, one being to the effect that his sentence is excessive and the other that he should have his time served on probation credited against his sentence of imprisonment. These issues were by this court previously determined favorably to the defendant by the entry of an order on October 23, 1973, and therefore need not receive further consideration.

The sentence having been previously modified, we therefore affirm the entry of a judgment revoking the defendant's probation by the Circuit Court of Peoria County and the sentence imposed thereon as modified.

Affirmed.

DIXON, J., concurs.

Mr. PRESIDING JUSTICE STOUDER specially concurring:

I agree with the majority of the court there is ample evidence to support the trial court's conclusion that the defendant violated the conditions of his probation. I also believe, as does the majority, that the delay in filing the revocation proceeding was not constitutionally impermissible under the rule of *United States v. Rucker*, 464 F.2d 828. In agreeing with the result reached by the majority, I do so only because the prevailing authorities have continued to apply the traditional view that a probation revocation proceeding and a criminal proceeding, even though based on the same underlying misconduct, are independent and unrelated. (See *People v. Crowell*, 53 Ill.2d 447, 292 N.E.2d 721, *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300, *People v. White*, 98 Ill.App.2d 1, 239 N.E.2d 854 and *People v. Morgan*, 55 Ill.App.2d 157, 204 N.E.2d 314.) It follows that if such proceedings are considered distinct and unrelated, neither a conviction or sentence in one proceeding has any effect on a conviction or sentence in the other proceeding. As the rule is usually stated in the revocation proceeding, the defendant is not being punished by his resentence for the underlying criminal conduct which resulted in the revocation of his probation, but is being resentenced for the violation of the terms of his probation. In reality, the same misconduct may be the basis for either a probation revocation proceeding or a criminal proceeding or both. My point is that, even if by virtue of

historic or evolutionary considerations the present status of probation permits the alternatives of a probation revocation proceeding or a regular criminal prosecution, such proceedings should be recognized for what they are; namely, alternatives. If one alternative proceeding is successfully pursued and results in a sentence, no other sentence based on the same misconduct is appropriate. I think this principle should be applicable regardless of the forms of the proceeding, regardless of the forum in which the facts are presented and in which a determination of the statutory violation is made and regardless of the standard of proof which might be applicable in the determination of whether a statutory violation has occurred.

At the time defendant pleaded guilty to the offense of driving after his license had been revoked, the record indicates the sentence imposed of a fine and probation was appropriate in view of defendant's situation. It may be presumed from the record that the propriety of the sentence included the consideration of defendant's status as a probationer and his previous criminal record. Accordingly, the sentence meted out at this time took into account substantially the same factors which the court later considered when it revoked the defendant's probation and sentenced him to three to five years in the penitentiary. Except for defendant's failure to report monthly, the same conduct was essentially the basis of two penal sanctions. According to the authorities, this result is appropriate because the court which revokes defendants' probation may do so in complete disregard of any sanctions imposed in a criminal proceeding arising from the same misconduct. Such a result seems to me at best contrary to the goals and purposes of our sentencing procedures.

Even though the delay in bringing the probation revocation proceeding did not oust the court of jurisdiction to impose a sentence, it seems to me that again delaying the sentence is contrary to the goals and purposes of sentencing. Where, as in this case, the cause for revocation of defendant's probation was known by the probationary authorities for at least nine months before the proceeding was instituted, whatever benefit either the defendant or society would derive from defendant's incarceration is substantially diminished and diminished without any apparent reasonable cause. It seems to me that a rule could and should be fashioned either by the courts or legislature which would promote and enhance the benefits of the probation system by requiring that revocation proceedings be instituted either within a specified time or a reasonable time after the causes for such revocation are known.

The issues which I have raised in this opinion were not discussed in the briefs of the parties or in the opinion of the majority because in fact there were other reasons for reducing the sentence. However, since this

830

case does present a problem arising from our current application of probationary concepts, I believe it desirable and appropriate to offer these observations in an effort to improve the rationality of our sentencing procedures.