In re G. B., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. G. B., Respondent-Appellant.)

Second District   No. 78-135

Opinion filed June 1, 1979.—Rehearing denied July 17, 1979.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

Gene L. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

On May 3, 1977, the respondent was charged with burglary and on August 8, 1977, he was found to be delinquent and placed on probation. On September 30, 1977, a petition to revoke his probation was filed and on October 11, 1977, the trial court found him to be in violation of probation. On November 14, 1977, the trial court committed the minor to the Department of Corrections but stayed the commitment order "* * * pending his further conduct." It would appear that the purpose of the stay of the commitment order was to afford the opportunity to the respondent to see if placement could be arranged in the "life Management" program. The matter was then continued until January 31, 1978. The minor appeals.

In this appeal counsel for the respondent has raised two issues, the first being that the State failed to present sufficient evidence with respect to the elements of the offense of theft. The second issue is that the trial court's disposition order imposing a suspended commitment to the Department of Corrections must be vacated since no statutory authority exists for such disposition.

The State has conceded that the second contention of the respondent is correct, and we agree. Unfortunately the purpose of the stay of the commitment to the Department of Corrections was obviously for the benefit of the respondent to afford him more lenient disposition than commitment to the Department of Corrections. Nonetheless, the statute relating to dispositional orders (Ill. Rev. Stat. 1977, ch. 37, par. 705—10(1-3) does not provide for a stay of a commitment order and that portion of the trial court's order which so provides must be reversed.

The basic thrust of respondent's first argument is that no evidence was presented to establish ownership of the stolen property; no evidence was presented to establish that the property was stolen by the defendant or another; and that no evidence was offered to identify the vehicle from which the respondent and two others were caught in the act of removing the tires.

A police officer for the city of Aurora received a call that three white males were tampering with a motor vehicle located about 25-30′ off of Austin Avenue. The officer responded to the call and observed that three subjects, one of whom was the respondent, were kneeling at the left rear fender well of a car and were removing that wheel. The police officer also testified that the car had been reported as stolen to the police department earlier in the day. This evidence, too, was elicited by defense counsel on cross-examination. No further evidence relative to the theft of the vehicle was introduced.

The respondent testified in his own behalf that he thought the car was abandoned and that, at the suggestion of his friends, they had jacked up the car and had taken the lug nuts off of the wheel when they heard someone call to them. They fled and were subsequently apprehended. We note that this testimony was elicited by defendant's own counsel. Upon cross-examination he further admitted they were attempting to remove the wheels from the car.

Respondent's argument herein is that the State failed to sufficiently prove ownership of the vehicle. In support thereof they have cited *People v. Figueroa* (1975), 30 Ill. App. 3d 656, 333 N.E.2d 586 (abstract). We have examined the actual opinion filed in that case and we specifically disagree with the findings therein. *Figueroa* is a somewhat similar situation to the case before us. The court found that the defendant was "caught tampering" with a vehicle. He was one of the three men working under the hood who dropped various parts that they had in their hands when the police arrived. The court further found that it was clear from the conduct of defense counsel that it was understood that the charge was theft and observed that in closing argument defense counsel referred to the charge as "stripping a vehicle." The vehicle was owned by one Faith Meadows, who testified that the car in question was her property. However, the court found that the testimony of the arresting officer as to the ownership of the vehicle was inadmissible hearsay and, despite the testimony of the owner, reversed. We do not follow that opinion and it is not necessary for the determination of the case before us.

In *People v. Collins* (1973), 14 Ill. App. 3d 446, 302 N.E.2d 709, the question of the admission of an allegedly hearsay report was considered. That case also involved a revocation of probation. In *Collins* the defendant had also taken the stand. While the State conceded there that the report was hearsay, the court stated:

> "That being so, we agree with the defendant's contention that it should not have been admitted. A probation revocation may be proved only by competent evidence. [Citation.] The error, however, became moot when he took the stand and admitted his failure to report." 14 Ill. App. 3d 446, 448, 302 N.E.2d 709, 711.

Likewise, in *People v. Whitt* (1974), 16 Ill. App. 3d 824, 306 N.E.2d 882, the question presented was that the State had failed to introduce sufficient proof that the defendant violated his probation. However, in *Whitt*, as here, the defendant took the stand and testified in his own behalf. The appellate court cited *People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721, as precedent for the rule that the violation of probation must be proven by a preponderance of the evidence. It went on to state that:

> "In the brief of the defendant it is argued that the State's case was not supported by competent evidence. Assuming for purposes of arguendo only that such contention has merit, any such incompetency was cured and eliminated by the defendant's own admissions as to two violations, either of which could be grounds for revocation." 16 Ill. App. 3d 824, 826-27, 306 N.E.2d 882, 884.

The defendant in the case before us took the stand and testified that he and two other persons were removing the wheels for the purpose of selling the tires. This testimony was elicited by defense counsel, not the State, and we specifically hold that any alleged deficiency as to quantum of proof presented by the State with relation to the ownership of the vehicle was rendered moot by the statements of the respondent.

We have considered a similar issue in *People v. Darby* (1978), 58 Ill. App. 3d 294, 298, 374 N.E.2d 229, 232, where we said that:

> "We observe from our review of the record that not only did defense counsel fail to object to this testimony now complained of, but that he personally elicited similar testimony during his cross-examination of the complainant's sister. This being the case, we find that the defendant, through his trial counsel, waived any objection to the testimony concerning his possession of the single marijuana cigarette."

We note from the record before us that not only did the defense counsel fail to object to the officer's testimony as to the reported theft of the vehicle, but he elicited that information from the officer by his own interrogation. Thus, ownership was proven to a preponderance of the evidence by his own counsel. See also *People v. Calvin* (1969), 116 Ill. App. 2d 471, 253 N.E.2d 922.

We therefore find, under the facts of this case, that the State did prove by a preponderance of the evidence that the respondent violated his probation by the attempted theft of the wheels and/or tires, to which he admitted.

A similar situation arose in *People v. Henderson* (1971), 2 Ill. App. 3d 401, 405-06, 276 N.E.2d 372, 375. The court there, in considering a situation involving the revocation of probation where the defendant testified, observed as follows:

> "The recital of these established principles, together with an

examination of the record here, impels to the conclusion that the fine spun theories advanced by defendant in this court have no relationship to the proceedings had before the trial court or to the judgment appealed from. * * * No objection of any kind was ever raised at any stage of the proceedings by defendant or his counsel. Defendant admitted, not once but at least three times, in open court, that he had violated the terms of his probation. These admissions were in response to questions put by the trial court *as well as by defendant's own counsel.* Under these circumstances, the trial court had virtually no alternative but to revoke the probation which he previously had granted." (Emphasis added.)

We therefore affirm the finding of the trial court that the respondent did in fact violate his probation. We further find that the order of the trial court staying the commitment order to the Department of Corrections was without authority. The cause is, therefore, reversed with directions to the trial court to impose such proper disposition as it shall, in its discretion, deem appropriate, as the trial court is in a better position than this court to determine the proper disposition.

Affirmed in part, reversed in part and remanded with directions.

NASH and WOODWARD, JJ., concur.