THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK HUNT, Defendant-Appellant.

Third District   No. 78-138

Opinion filed August 29, 1979.

John M. Ritchie, of Pekin, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Peoria County. The defendant Patrick Hunt was originally convicted in a jury trial on two counts of armed violence. On appeal this conviction was reversed and the cause remanded for a new trial. Upon remand, plea negotiations were entered into, and the defendant pleaded guilty to an amended charge of aggravated battery. Judgment was entered on the guilty plea, and the defendant received a sentence of five years' probation. The defendant was subsequently charged and convicted of violation of probation and sentenced to a term of imprisonment of not less than 2½ nor more than 7½ years. The defendant appeals from this conviction.

The petition filed by the State's attorney of Tazewell County praying for the revocation of the defendant's probation alleged that he had committed the offenses of battery and unlawful use of weapons. This misconduct of the defendant allegedly occurred at approximately 11 p.m. on April 22, 1977, at the apartment of John Noel located in the city of Pekin, Illinois. At that particular time and place a birthday party was being held for Rose Smith.

During the revocation proceedings a number of witnesses testified for both the prosecution and the defense. State witness Rose Smith testified that the defendant arrived at the apartment at approximately 11 p.m. in the company of other individuals and that shortly thereafter a fight occurred. This witness testified that she saw the defendant and two other men strike and kick Noel during the fight which took place on a stairway landing leading to the apartment. She further testified that she saw the defendant pull a knife after he had stopped hitting Noel, but she did not see any cuts on the victim. This witness further testified that

during the melee she heard gunshots, that as she left the apartment she met Roger Brandt and saw him hide a shotgun in some bushes. The witness Rose Smith stated that she was Brandt's girl friend and that they spent the weekend together after the incident.

Beth Null, a prosecution witness, gave testimony which was substantially the same as that given by Rose Smith. She also testified that she had never met or seen the defendant until the night of the birthday party.

Roger Brandt, called by the prosecution, testified that he observed the fight which started when the defendant, Tom Cross, and two other people attacked Noel as he was coming up the stairway. He also testified that the defendant brandished a knife. It was his further testimony that he obtained a shotgun, loaded the same and fired a shot, after which he ordered everyone to leave; that he fired another shot over the heads of those involved in the fight and that he then threw the gun into some bushes. Brandt admitted that one of the persons at the party was hit by some of the steel shot and that he was charged with the offense of attempted murder. He also stated that he had been drinking but did not believe he was intoxicated.

The defense adduced testimony from four witnesses, three of whom confirmed the testimony of prosecution witnesses that a fight had taken place. None of the defense witnesses involved the defendant in the altercation. Two of the witnesses testified that they knew the defendant and were friendly with him.

The defense had admitted into evidence a statement of Roger Brandt made on April 26, 1977, four days after the alleged occurrence, in which he (Brandt) stated in reply to a question:

"* * * I'm not sure if Hunt had one [a knife] or not, they were all packed together, but I seen three or four knives."

The defendant first contends that he was not proved guilty of a violation of a condition of his probation by a preponderance of the evidence.

In addressing ourselves to this contention it immediately becomes apparent that most of the witnesses were not free from bias or prejudice. Most of them had a reason to be for or against the defendant. It was to Roger Brandt's best interest to testify against the defendant, and the prosecution witness Rose Smith was his girl friend. It should be remembered, however, that the trial judge was not operating in a vacuum. He was well aware of the actions of Brandt, and was able to take into account any possible motivation which he or his girl friend might have for testifying as they did. Other witnesses testifying for the defendant admitted that they knew the defendant and were friends of his.

We have before us a classic case illustrating why it is at times essential

to rely upon the judgment of the trier of fact in assessing the credibility of witnesses. It is the trial judge, not the reviewing court, who has the opportunity of observing the attitude and demeanor of the witnesses. In such a case where there is obviously bias and prejudice on the part of the witnesses, a reviewing court should be ever so reluctant to disturb the decision of the trial court.

■■ The defendant stresses the contradictory statements of the witness Brandt concerning the defendant's possession of a knife. Shortly after the incident on April 22, 1977, Brandt made a statement that he was not sure that the defendant had a knife. Some months later in court he testified that the defendant pulled a knife after the victim had been knocked down and beaten. Assuming that Brandt's testimony concerning the defendant's possession of a knife was impeached, it does not follow that the defendant did not violate a condition of his probation. A portion of the petition filed praying for revocation stated that the defendant violated a condition of his probation by causing bodily harm to the victim by striking him in the head with his fist and kicking him. All but one of the witnesses testified that a fight had occurred, and several testified as to the defendant hitting and striking the victim Noel.

The defendant relies upon two cases as being of precedential value for determining that the evidence was insufficient to support the trial court's finding that the defendant had violated a condition of his probation. The first cited is *People v. Dwyer* (1965), 57 Ill. App. 2d 343, 206 N.E.2d 113. We fail to see the applicability of *Dwyer* to the instant case. In *Dwyer* this court adhered to the well-established rule that in a proceeding to revoke probation the State was required to prove by a preponderance of the evidence that the defendant had violated provisions of his probation order. This court in *Dwyer* then reversed a trial court's order of revocation because there was uncontradicted testimony that the defendant was unaware of the fact that someone else had put the tire in the trunk of his car, which he was accused of stealing. In *Dwyer* there was other uncontradicted testimony that the defendant was unaware of the fact that someone else had placed cans of beer in a cooler located in his automobile. There were further in *Dwyer* problems of improper notice to the defendant as to the charges against him. In summary, *Dwyer* was a case where there were procedural problems, and the testimony of the defendant was uncontradicted. The defendant's reliance on *Dwyer* is ill placed since the case is clearly distinguishable from the instant case.

The defendant also relies on the holding in *People v. Arroyo* (1969), 112 Ill. App. 2d 480, 251 N.E.2d 409, as requiring a reversal of the trial court's order revoking the defendant's probation. We do not so read *Arroyo*, since in that case the defendant's probation was revoked by the

trial court on the testimony of a self-confessed co-conspirator who while on the witness stand directly contradicted the material substance of his testimony. In the instant case a co-conspirator's testimony is not present, nor was the testimony of any witness of a vacillating nature. Also in *Arroyo* the self-confessed co-conspirator was the only witness connecting the defendant with the offense, while in the instant case several witnesses testified as to the defendant's involvement in the fight.

■■ The defendant calls attention to the fact that during the revocation hearing the victim Noel was not called to testify. We know of no requirement, nor has any been cited to this court, to the effect that a victim of a criminal attack must testify in order to sustain a conviction of the attacker. It is not difficult to envision many situations where such a victim would be unable to identify his assailant. The failure of a victim to testify is merely another factor which the trier of fact must consider and weigh in arriving at its decision.

Lastly, the defendant asserts that he was denied his constitutional right to a speedy trial.

■■ ■ The defendant specifically complains of the two-month delay which ensued between the time of the incident and the filing of the petition to revoke probation. In *People v. Whitt* (1974), 16 Ill. App. 3d 824, 306 N.E.2d 882, this court addressed itself to the "delay" question being raised by the defendant. In *Whitt* it was held that a delay of eight months from the commission of an offense to the hearing on the petition for revocation of probation did not constitute a deprivation of the defendant's constitutional rights. The period of "time" standing alone is not the single and controlling factor to be considered in determining whether a defendant's rights have been violated. The test is whether the delay in any way prejudiced the defendant.

■■ In the instant case it cannot be concluded that the defendant was prejudiced by the two-month delay. The defendant became embroiled in a situation which we have heretofore referred to as a "melee." A number of people were participants or spectators. It was necessary for the police to conduct a lengthy investigation and the services of a grand jury were utilized. There was difficulty in locating witnesses, some of whom had left the jurisdiction of the court. It is noted that counsel for the defendant asked for and received continuances for the purpose of continuing an investigation necessary for the proper defense of the defendant. It could well be argued that the complained of "delay" was a benefit to the defendant rather than a detriment to him.

It is significant that the record discloses that all defense witnesses testified they had "no trouble remembering" the events that transpired at the birthday party which erupted into a fight.

The record fails to yield any support for a finding that the

complained of delay caused prejudice to the defendant, and this allegation is without merit.

For the reasons stated the judgment of the circuit court of Tazewell County revoking the defendant's probation and the sentence imposed thereof are affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.