NOTICE
Decision filed 09/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220467-U

NO. 5-22-0467

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-CF-1151 |
| | ) | |
| MARTEZ L. JONES, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the judgment of the circuit court revoking defendant's probation where the State proved defendant violated a condition of his probation by a preponderance of the evidence.

¶ 2   Defendant, Martez L. Jones, appeals the Champaign County circuit court's judgment revoking his probation for domestic battery with a prior domestic battery conviction, arguing that the State failed to prove, by a preponderance of the evidence, that he violated the condition of his probation requiring him to notify his probation officer of any change of residence. For the following reasons, we affirm.

¶ 3                     I. Background

¶ 4   On October 13, 2020, the State charged defendant with domestic battery with a prior domestic battery conviction, a Class 4 felony (720 ILCS 5/12-3.2(a)(2) (West 2020)), for striking

1

a household member on the head after he was previously convicted of domestic battery. Defendant agreed to plead guilty to the charge on February 25, 2021, and the circuit court sentenced him to 12 months' probation. As a condition of his probation, defendant was required to "advise the Probation Officer immediately in writing of any change of residence, school, or employment." Defendant completed an intake form and indicated that he resided at 2712 Carrelton Drive, Champaign, Illinois 61821 (Champaign address).

¶ 5        On December 2, 2021, the State filed a petition to revoke defendant's probation. The State alleged that defendant violated the condition of his probation which required him to notify his probation officer of a change of residence. In support, the State alleged that, on December 1, 2021, defendant informed police officers that his address was 405 Glenn Drive, Urbana, Illinois 62802 (Urbana address) and that he "lived there since before he was placed on probation on February 25, 2021." The State further alleged that defendant only informed the probation department of the Champaign address.

¶ 6        On June 8, 2022, the circuit court held a hearing on the State's petition to revoke. The State called defendant's probation officer, Lucas Roush, to testify at the hearing. Roush confirmed that, as a condition of his probation, defendant was required to advise his probation officer immediately in writing of any change of residence. Roush explained this condition to defendant during their first in-person meeting. Roush confirmed that defendant listed the Champaign address on the intake form he completed. Roush believed defendant lived at the Champaign address with his grandmother and sister. Roush denied that defendant provided notice that he moved to or resided at a different address.

¶ 7        On cross-examination, Roush testified that defendant fathered "seven children, and the majority stay with the victim in this case." Roush denied that defendant provided the Urbana

2

address as the address where his children lived. Roush also denied talking to defendant about defendant visiting his children.

¶ 8    The State next called Deputy Amanda Reifsteck, a patrol deputy with the Champaign County Sheriff's Office. Deputy Reifsteck testified that she was dispatched to the Urbana address on December 1, 2021, to speak with defendant regarding a domestic incident that occurred in November 2021. Deputy Reifsteck spoke with defendant at the Urbana address and at the Champaign County jail following his arrest. Deputy Reifsteck confirmed that she asked defendant how long he had been living at the Urbana address, and that defendant stated "approximately two years." Defendant admitted that he slept at the Urbana address and kept personal items, including clothing, there. Deputy Reifsteck located men's clothing in a bedroom at the Urbana address, including a pair of pants that had defendant's name inscribed on the waistband.

¶ 9    Defendant testified on his own behalf at the hearing. Defendant informed his probation officer that he lived at the Champaign address when he was placed on probation. Defendant explained that three of his children stayed at the Urbana address. When asked if he "told this to [his] probation officer," defendant responded, "I absolutely did. I was back and forth with addresses." When asked if he provided his probation officer with the Urbana address, defendant responded, "He knew the address already because I had a pending case on it. I asked him was it okay, and he told me yeah." Defendant testified that he occasionally stayed at the Urbana address on the weekends to watch his children. Defendant testified that he "live[d] more in Champaign" than he lived in Urbana. When asked if he advised Deputy Reifsteck that he lived at the Urbana address, defendant responded, "I might have told her that I lived there or I was staying there to watch the kids. I can't remember." Defendant claimed the pants that Deputy Reifsteck found at the Urbana address belonged to his father, who had the same name as defendant.

3

¶ 10    On cross-examination, the State asked defendant if he admitted to staying at the Urbana address, and defendant responded, "When I'm watching my kids. Not staying there. When I'm watching my kids." When the State asked defendant to clarify if he stayed the night at the Urbana address in the past, defendant responded, "I have stayed there, yeah, babysitting kids."

¶ 11    The State recalled Roush as a rebuttal witness. Roush testified that he met with defendant approximately six times. Roush confirmed that he asked defendant at each meeting if there was a different address where defendant stayed or lived. Roush testified that defendant never specifically mentioned the Urbana address at any point in time.

¶ 12    After the State presented argument, the circuit court asked the State if case law defined "what residence means for the purposes of a sentencing hearing" and if the definition was similar to sex offender cases, where a sex offender may be permitted to live at a different location for a certain period of time. The court then posed the following question: "So in this context, could it be that his residence is, in fact, [the Champaign address] and he was just periodically staying [at the Urbana address] and his residence never changed?" In response, the State indicated that it had not done any research on the issue but posited that probation violations differed from sex offender registration violations. The State maintained that defendant told Deputy Reifsteck he lived at the Urbana address for approximately two years and that defendant never provided the Urbana address to his probation officer. Thus, the State argued that the evidence showed defendant was "not just staying there for a couple days here and there, but he's been living there for about two years." The court then asked the State if defendant failed to inform probation of a change of residence or if he lied to probation when he provided the Champaign address. The State responded, "Well, Judge, I don't know which one he did, but if he lied to them at first and then continued to live at [the Urbana address], it was incumbent upon him to notify probation that that is, in fact, where he was living."

4

The State added that defendant was also required to advise probation if he changed residences.

¶ 13    Defense counsel argued that "[t]here's a lot of definition of residence, and it all has to do with intent." Defense counsel stated that defendant "doesn't think about the nuances of things. If the police are talking to him, he says, 'I've been living here.' To him, that could mean I spend a lot of time here or I babysit and watch my kids for their mother." Defense counsel concluded by arguing that defendant advised his probation officer of the Champaign address and that there was no evidence showing that his actual residence was "someplace else, only that he might have told Deputy Reifsteck that he lived somewhere different, and used the word 'live.' "

¶ 14    The circuit court stated that the issue was "whether or not by a preponderance of the evidence the State has shown that the defendant had a court order, was aware of it, and violated the court order." The court noted that a condition of defendant's probation required him to immediately notify his probation officer in writing of any change of residence. The court found Roush credible, where he testified that defendant did not provide the Urbana address at any point during his probation. The court also found Deputy Reifsteck credible, where she testified that defendant advised he lived at the Urbana address for approximately two years and slept at that address. The court further found that Deputy Reifsteck credibly testified regarding the pants she found at the Urbana address.

¶ 15    The circuit court then stated, "But the real issue is how do you define residence." The court determined that "residence is where you live most of the time." The court noted that defendant advised probation that he was living at the Champaign address and never advised that he stayed at the Urbana address. The court noted that police found defendant at the Urbana address and that defendant admitted he may have told Deputy Reifsteck he lived there. The court then stated:

> "Again, this is not proof beyond a reasonable doubt; it's proof by a preponderance of the evidence. Although I don't have details of how long [defendant] was staying at [the

5

Urbana] address, he himself said that he had been staying there for about two years, although how often and to what extent, I don't know. Again, it's not proof beyond reasonable doubt; it's preponderance of the evidence. I have some doubts as to the interest, bias, and motive of the defendant. I do give him credit for saying he may have told the deputy certain information, but I find the deputy and probation officers credible.

If he was living at [the Urbana address] all along, he never changed that with probation and he lied to probation when he said it was [the Champaign address]. If he was at [the Champaign address], which I believe he was, he at some point may have moved to [the Urbana address] and he didn't advise the probation department. I find by a preponderance of the evidence that the State has proven the petition to revoke. The probation his hereby revoked."

¶ 16 On July 21, 2022, the circuit court resentenced defendant to three years in prison followed by four years of mandatory supervised release. Defendant timely appealed.

¶ 17                                    II. Analysis

¶ 18 On appeal, defendant argues that the circuit court erred by revoking his probation where the State failed to prove, by a preponderance of the evidence, that he violated the condition of his probation requiring him to notify his probation officer of a change of residence. We disagree.

¶ 19 The State must prove a violation of a condition of probation by a preponderance of the evidence. 730 ILCS 5/5-6-4(c) (West 2020). "A proposition is proved by a preponderance of the evidence when the proposition is more probably true than not true." *People v. Love*, 404 Ill. App. 3d 784, 787 (2010). The circuit court is responsible for weighing the credibility of witnesses and evaluating the testimony when the evidence is conflicting. *People v. Crowell*, 53 Ill. 2d 447, 451-52 (1973). This court will not disturb a circuit court's ruling on a petition to revoke probation unless it is against the manifest weight of the evidence. *Love*, 404 Ill. App. 3d at 787. "A decision is against the manifest weight of the evidence only where an opposite conclusion is clearly apparent or where the findings appear to be unreasonable, arbitrary, or not based on the evidence presented." *In re T.J.D.*, 2017 IL App (5th) 170133, ¶ 29.

¶ 20    Here, the circuit court determined that the State proved, by a preponderance of the evidence, that defendant violated his probation. As a condition of his probation, defendant was required to "advise the Probation Officer immediately in writing of any change of residence ***." The evidence demonstrated that defendant advised probation he resided at the Champaign address. Roush testified that defendant never provided the Urbana address at any point in time. Deputy Reifsteck testified that defendant advised he lived at the Urbana address for approximately two years when he was arrested on December 1, 2021. Deputy Reifsteck also testified that defendant admitted he slept at the Urbana address, and that she discovered a pair of pants with defendant's name inscribed on the waistband at that address. From this evidence, the court could have reasonably concluded that the State proved, by a preponderance of the evidence, that defendant resided at the Urbana address and violated a condition of his probation by failing to advise his probation officer of a change in residence. Accordingly, we cannot say that the court's judgment revoking defendant's probation was against the manifest weight of the evidence.

¶ 21    Relying on *People v. Lara*, 2012 IL 112370, ¶ 17, defendant maintains that the confessional, out-of-court statement he made to Deputy Reifsteck was insufficient to support a finding that he violated his probation. Defendant, again relying on *Lara* (*id.*), asserts that the State was required to present independent evidence corroborating his statement. We find defendant's reliance on *Lara* misplaced. In *Lara*, our supreme court discussed the propositions the State must prove beyond a reasonable doubt to obtain a conviction, not the propositions the State must prove by a preponderance of the evidence to establish a violation of a condition of probation. See *id.* Defendant appears to acknowledge this distinction, arguing that "[e]ven under the lenient burden of proof applicable here, [defendant's] statement alone should not be sufficient to support a finding that he violated his probation." However, Deputy Reifsteck also testified that she found personal

7

items, including clothing, belonging to defendant at the Urbana address. Moreover, as the circuit court noted, defendant testified that he may have told Deputy Reifsteck he lived at the Urbana address. As stated, it is our view that the evidence was sufficient to support a finding that the State proved, by a preponderance of the evidence, that defendant violated a condition of his probation.

¶ 22    We reject defendant's assertion that the only evidence demonstrating where he "actually live[d]" was his testimony that he lived at the Champaign address and only occasionally stayed at the Urbana address. The circuit court could have reasonably found defendant's testimony lacked credibility. Defendant also maintains that it is unclear from the record whether he told Deputy Reifsteck that he "lived" or "stayed" at the Urbana address. While defendant was unable to recall whether he told Deputy Reifsteck that he lived or stayed at the Urbana address, Deputy Reifsteck testified that defendant advised he lived at the Urbana address for approximately two years. The circuit court could have reasonably found Deputy Reifsteck's testimony credible. It is not this court's job to reweigh the evidence, and we decline defendant's invitation to do so. See *Crowell*, 53 Ill. 2d at 451-52 (it is the circuit court's responsibility to weigh the credibility of witnesses and evaluate the testimony).

¶ 23    Lastly, we reject defendant's assertion that the circuit court's ruling "contradicts itself." This court reviews the circuit court's judgment not the court's reasoning, and we may affirm on any basis supported by the record if the judgment is correct. *People v. Anderson*, 401 Ill. App. 3d 134, 138 (2010). Because we have concluded that the State presented sufficient evidence to prove, by a preponderance of the evidence, that defendant violated a condition of his probation, we may affirm the court's judgment revoking probation without considering the court's reasoning.

¶ 24                                III. Conclusion

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court of Champaign County revoking defendant's probation.


¶ 26    Affirmed.