(No. 39945.—

THE PEOPLE *ex rel.* James Houston, Appellant, *vs.* MAX P. FRYE, Warden, Appellee.

*Opinion filed November 14, 1966.*

JAMES W. SANDERS, of Marion, appointed by the court, for appellant.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The Williamson County circuit court dismissed the *habeas corpus* petition of relator James Houston which was predicated on the following factual allegations: Relator was arrested November 14, 1961, on a charge of violating the Uniform Narcotics Act and released on bail December 11. In February, 1962, he and John Calcaterra were jointly indicted on this charge allegedly involving the unlawful sale of marijuana. On October 29 relator, represented by the public defender, pleaded guilty, and further action in his case was continued until the Calcaterra case had been teminated. That case was concluded in April, 1964. On September 20 relator was again arrested and on September 23 appeared in court represented by the same attorney and filed a petition for probation, a hearing on which was set for October 1, 1964. On that date the petition was denied and relator sentenced, apparently by the same judge who deferred action originally, to imprisonment for a term of two to ten years.

The trial court rejected relator's contention that the lapse of one year, eleven months and two days between his plea of guilty and date of sentencing was so unreasonable as to deprive the court of jurisdiction to proceed, and the respondent's motion to strike the *habeas corpus* petition was allowed for the reason, as disclosed by the judge's written memorandum, that the relator requested a deferral of his sentencing and also invoked the jurisdiction of the court by petitioning for probation when again arrested.

The crucial questions are whether relator may properly be said to have requested or concurred in the delay and, if not, whether any objection thereto was waived by relator's request to admit him to probation. While we are without the assistance of a brief by respondent, relator's counsel has, with commendable objectivity, called our attention to many of the pertinent cases.

Relator alleges "judgment was deferred, on Application [sic] by the State, until the conclusion of the John Calcaterra case". A copy of a document entitled "Judgment and Sentence", signed by the trial judge and attached to relator's petition as an exhibit, contains, after the October 29 finding of guilt, the following: "The Court thereupon continues said cause until such time as the trial of John Calcaterra, the co-defendant of the said James Houston, has been disposed of and the said James Houston appears as a State's witness in said case." The judge's written memorandum indicating his reasons for dismissing the *habeas corpus* petition states that the court's minutes of the earlier proceedings were admitted in evidence and quotes from them. Insofar as pertinent, the quotations from the minutes of October 29 state: "At the request of the State's Attorney and Defendant [sic], sentencing is deferred and defendant's bond continued." While relator contends he cannot be said to have consented to the postponement of sentencing, it is apparent that the court's action in continuing the case was prompted by the agreement of the State and defendant thereto, a conclusion strengthened by the absence of any objection by defendant then or at the time of the subsequent hearing on application for probation.

While there are in this court numerous cases touching upon various aspects. of delay in post-trial activity, the more relevant are *People ex rel. Smith* v. *Allen,* 155 Ill. 61; *People ex rel. Boenert* v. *Barrett,* 202 Ill. 287; *People* v. *Penn,* 302 Ill. 488; and *People ex el. Rose* v. *Randolph,* 33 Ill.2d 453. The rule is clear that such post-trial activity, including the imposition of sentence, may not be indefinitely postponed, for public policy and the effective enforcement of the criminal law require reasonable promptness in those areas of its administration where specific time limitations are not imposed. Whether a given period of delay is so unreasonable as to deprive a court of its authority to proceed is dependent in substantial measure upon the circumstances.

In this instance relator agreed that ultimate disposition of his case should await termination of his co-defendant's case, and he remained at liberty on bond pending this event. Upon his return to court some five months after such termination he made no claim of unreasonable delay but, instead, asked that the court consider his petition for probation. The facts here are totally unlike *Allen* where the trial court was held without authority to proceed to sentence a defendant who, following a guilty plea some 3½ years earlier, had been released without bond or recognizance and his case subsequently stricken. Nor is it similar to *Barrett* wherein a defendant found guilty moved for a new trial and was released without bond; there the subsequent denial of his motion and imposition of sentence some 2½ years later was held improper, there being no explanation of the reason for delay.

The instant situation, we believe, more nearly comes within the reasoning of *Penn* and, most recently, *Randolph,* wherein the record indicated no reason for relator to consider his prosecution abandoned, but, to the contrary, affirmatively established the reason for the delay, that further proceedings were contemplated and the acquiescence, at least, of relator therein. The reasons for the delay here are apparent from the record, the postponement of disposition was at least agreed to, if not jointly requested by, defendant, and we believe the trial court under these circumstances retained jurisdiction to impose sentence.

The judgment of the Williamson County circuit court is affirmed.

*Judgment affirmed.*