THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM WILEY JONES, Defendant-Appellant.

(No. 71-204; )

Fifth District—March 22, 1972.

908

Paul Bradley, of Defender Project, of Mount Vernon, for appellant.

Peyton Berbling, State's Attorney, of Cairo, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, William Wiley Jones, was tried by jury and convicted of burglary and theft. The verdict was returned on September 24, 1968. Defendant remained free on bond and a post trial motion was filed. Prior to a ruling on the post trial motion, Defendant was arrested and imprisoned in the State of Tennessee where he remained until June 16, 1971, when he was returned for sentencing on the 1968 verdict. After Defendant's post trial motion was denied the court issued a bench warrant commanding his arrest and a hearing in aggravation and mitigation was set for December 2, 1968. Defendant did not appear on that date and on February 21, 1969, the court entered an order directing him to appear on March 24, 1969. When he failed to appear at that time his bond was forfeited. On April 7, 1970, Defendant filed a *pro se* petition stating that he was then incarcerated in Tennessee and requesting the court to proceed with the prosecution by passing sentence upon him. On April 8, 1970, the State filed a motion moving the court to sentence Defendant *in absentia*. Thereafter, on June 9, 1970, Defendant moved to overrule the State's motion and moved to dismiss the indictments and vacate the bond forfeiture because of the failure to sentence the Defendant. On September 17, 1970, Defendant's motion was denied, as was the State's motion to sentence Defendant *in absentia,* and the State was ordered to take steps to secure attendance of Defendant so that a hearing in aggravation and mitigation could be held and sentence imposed. On September 30, 1970 judgment was entered on the verdict but no sentence was imposed.

On March 29, 1971, approximately two and one-half years after Defendant was convicted, the State's Attorney filed a motion for extradi-

tion. Defendant had been released from the Tennessee penitentiary on March 15, 1971, when the conviction for which he had been imprisoned was reversed by the Appellate Court of Tennessee, but was immediately remanded to a county jail in Tennessee where he remained until June 16, 1971, when he was returned to Illinois. A hearing in aggravation and mitigation was held on July 20, 1971, and defendant was sentenced.

By leave of this court, Defendant, without prejudice to any other possible issue on appeal, has here raised only one issue, the jurisdiction of the circuit court to sentence Defendant in view of the delay between conviction and sentencing. It is Defendant's contention that the delay of approximately two years and eight months between final judgment and the imposition of sentence was so unreasonable as to deprive the court of its jurisdiction to sentence him.

■■ In Illinois a Defendant's right to be sentenced without delay has been incorporated in the Criminal Code wherein it is provided that upon a verdict of guilty sentence shall thereafter be pronounced within a reasonable time. (Ill. Rev. Stat., ch. 38, par. 118—1(c).) The courts, in examining this right, have uniformly held that an undue delay between the entry of judgment and the execution of the sentence deprives the court of jurisdiction. (*People ex rel. Rudin v. Ruddell,* 46 Ill.2d 248, and cases cited therein.) The courts have further indicated that incarceration in a foreign jurisdiction does not abrogate Defendant's right to be sentenced without delay. *Smith v. Hooey,* 89 S.Ct. 575; *Dickey v. Florida,* 90 S.Ct. 1564.

■■ The State urges that the delay was not unreasonable in that it was occasioned by Defendant's own misconduct for which he was imprisoned in Tennessee and cites the case of *People ex rel. Rose v. Randolph,* 33 Ill.2d 453 in support of this position. In *Randolph,* however, the Defendant agreed that his sentence be deferred until he returned to the original jurisdiction. (See *People ex rel. Houston v. Frye,* 35 Ill.2d 591, 594.) In the instant case Defendant never agreed to the delay and in fact claims to have written letters requesting the State to proceed with prosecution as early as March of 1969. Regardless of these informal requests, however, the record reveals that on April 7, 1970, some eighteen months prior to sentencing, Defendant filed with the court a *pro se* petition wherein he formally notified the court of his whereabouts and demanded that the State proceed to sentencing. The defendant did not, therefore, agree to a delayed sentence but actively pursued prompt disposition and under these circumstances the rationale of Randolph is not controlling.

■■ The State further seeks to excuse the delay by arguing that despite the Appellate Court's reversal of Defendant's Tennessee conviction, De-

fendant was "probably guilty as charged" and that in such circumstances he should not be allowed to raise such a "highly technical and disputed" point. Unsubstantiated presumptions of guilt and dismissal of statutory and constitutional rights as "highly technical" cannot, however, excuse a delay such as is here present. Even though Defendant was available for extradition, the State inexplicably waited for approximately two years and eight months from final judgment, eighteen months from Defendant's petition demanding prosecution, and ten months from a court order directing action before bringing Defendant to court for sentencing. We find that this delay was unreasonable and unexplained and that the trial court was therefore without jurisdiction to order Defendant's confinement. The judgment of the circuit court is therefore reversed.

Judgment reversed.

G. MORAN, P. J., and EBERSPACHER, J., concur.