THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHAN WALKER, Defendant-Appellant.

First District (1st Division)   No. 62598

Opinion filed June 21, 1976.

SIMON, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

In a trial without a jury, Stephen Walker was found guilty of theft as charged and sentenced to one year in the Cook County jail. On appeal the ground advanced for reversal of the judgment is that after the finding of guilty no sentence was imposed by the court. We disagree.

The evidence established that on December 27, 1974, Mr. Francis Gavin, a lawyer from the State of Washington, was a patient in a room in Wesley Memorial Hospital, Chicago. Without invitation the defendant, previously unknown to the patient, entered the hospital room and engaged the patient in conversation. Defendant asked Mr. Gavin to give him a dollar, which he refused to do. Defendant then reached across Mr. Gavin's leg and removed the latter's wallet from the pocket of his robe. The defendant removed the money which was in the wallet. At this juncture Geraldine Austin, who worked as a secretary in the hospital and who is a cousin of Mr. Gavin, entered the room. She was in the habit of looking in on him each day while he was hospitalized. On seeing the defendant she at first thought he was visiting her cousin. Mr. Gavin told her that the man had his wallet. She looked and saw that in fact the defendant had the wallet in his hand. Miss Austin went into the hall and asked other members of the hospital staff to call the security guards. When the security guards arrived they found the defendant had the wallet, which he placed on a night table upon seeing the officers enter the room. The defendant was taken into custody. Mr. Gavin's wallet was returned to him. The money the defendant had taken from the wallet was not located. Defendant testified that he came to the hospital to see a friend, that upon discovering that the friend had left the hospital, on his way to leave the hospital he passed Mr. Gavin's room, waved to him and they conversed. He said that he conversed with Mr. Gavin in the hospital in the past. Defendant denied that he had ever asked Mr. Gavin for money or that he had ever had in his possession a wallet, money or other property belonging to Mr. Gavin.

■■■ The court found the defendant guilty of theft as charged in the complaint. A hearing in aggravation and mitigation followed. The record shows that the defendant was sentenced to the Cook County jail for one year. The trial, including the sentence, took place on January 16, 1975. The record shows that the defendant was present during the trial and at the time that he was sentenced. He testified in his own behalf. The

defendant has served 183 days of the sentence. The mittimus in due form recites that the defendant was sentenced to imprisonment in the Cook County jail for a term of one year. The record presented to this court does not show any motion for a new trial or to vacate any part of the orders entered. There is no contention that the record does not speak the truth. Defendant relies solely upon the fact that the report of proceedings, certified by the court reporter, does not specifically reflect pronouncement of sentence by the court.

During the trial the defendant was represented by competent counsel.

The information presented without objection as to matters in aggravation shows the following:

> In March of 1967, 90 days in the House of Correction for theft.
> In July of 1968, 84 days in the House of Correction for theft.
> In April of 1969, on a plea to a burglary charge, 3 years probation; and January, 1971, probation was extended another 2 years on a plea to further indictment.
> In August of 1970, 6 months in the House of Correction for theft.
> In March of 1972, trespass to a building, 10 days in the House of Correction.
> February, 1973, theft reduced to petty theft, one year's probation with restitution of $25.
> A disorderly conduct charge in May of 1973, a battery with 2 years' probation, and theft, one year's probation concurrent.
> April 1974, a burglary charge with a plea of guilty, and probation revocation; 5 months in the County Jail.

The record imports verity. A claim that the record is in error in showing that the court sentenced the defendant to one year in the Cook County jail and that the defendant was present at the time was not presented to the trial court. The defendant had a fair trial and competent counsel. At the conclusion of the trial the court pronounced judgment including the sentence.

The judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., concurs.

Mr. JUSTICE SIMON, dissenting:

Article I, section 8 of the Constitution of this State grants one accused of crime the right to be present in person at every stage of his trial including the sentencing. (*People v. Rife* (1974), 18 Ill. App. 3d 602, 607, 310 N.E.2d 179.) The State does not contend that the defendant waived this right.

I respectfully dissent because a review of the entire record shows that the defendant was not present in court when he was sentenced.

The report of proceedings for the hearing to impose the sentence, which occurred on January 16, 1975, immediately following the finding by the court that the defendant was guilty, reads as follows:

"Mr. Smith [prosecuting attorney]: In March of 1967, ninety days in the House of Correction for theft, judge.

In July of 1968, eighty-four days in the House of Correction for theft.

In April of 1969, on a plea to a burglary charge, three years probation; and January 1971, that probation was extended another two years on a plea to further indictment.

In August of 1970, six months in the House of Correction for theft.

In March of 1972, trespass to a building, ten days in the House of Correction.

February 1973, theft reduced to petty theft, one year's probation with restitution of $25.00.

A disorderly conduct charge in May of 1973, a battery with two years probation, and theft, one year's probation concurrent.

April 1974, a burglary charge with a plea of guilty, and probation revocation; six months in the County Jail.

We can account for the fact that on June 5th there was a charge of criminal trespass, and a finding of guilty and a $100.00 fine. It should have been during the term of that six month sentence. In September of 1974 there was an attempted burglary reduced to petty theft with one hundred and twenty days in the County Jail. Based on this in aggravation, and seeing the condition of the victim and the fact that the defendant is a young able-bodied man, I think the maximum of one year's custody would be appropriate.

Mr. Lipscomb [defense counsel]: Judge, the defendant is married. He does have one child who he helps to support.

Mr. Smith: Your Honor has heard the evidence, and you did enter a finding of guilty. We think that the court should not let sympathy enter into its decision as far as the sentence should be on this defendant.

Mr. Lipscomb: There was no violence used in this particular finding. If we are to believe the State, we think, that certainly, for mitigation, I think one year in the County Jail is excessive. Thank you.

Mr. Walker: May I say something, your honor? I did not do anything to that man. They framed me. Your Honor, I didn't do anything to him.

The Court: All right. That is all. Take him away."

I find no basis for assuming that the court reporter, who certified under oath that his transcription was true and correct and contains all the testimony submitted in this case, omitted the imposition of the sentence. In view of the requirement of section 5—4—1(a)(5) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(a)(5)) that the court shall prior to sentencing "afford the defendant the opportunity to make a statement in his own behalf," it is unlikely that the court imposed sentence prior to defendant's statement at the end of the hearing proclaiming his innocence. At the point in the proceeding where the court would have been expected to announce the sentence, the report of proceedings shows none was imposed. The court instead directed that the defendant be taken from the courtroom.

The majority apparently relies on the common law record entry for January 16, 1975 for its conclusion that "The record shows that the defendant was present during the trial and at the time he was sentenced." It reads:

"Parties present. Plea not guilty. Defendant waives jury trial. Trial by Court. Finding Defendant guilty.

The State's Attorney now here moves the Court for final judgment on the finding of guilty herein, said People being represented here by the State's Attorney and said Defendant being present in his own proper person and not saying anything further why the judgment of the Court should not now be pronounced against him on the finding of guilty entered in this cause, the Court finds that it has jurisdiction of the subject matter of this cause and of the parties hereto, and it is considered and adjudged by the Court that said Defendant is guilty of the criminal offense of VIOLATION OF CHAPTER 38 SECTION 16—lal (THEFT) on said finding of guilty.

Defendant sentenced to COOK COUNTY JAIL for a term of ONE (1) YEAR."

Each of the first two paragraphs of this entry affirmatively notes defendant's presence, at the trial in the first paragraph and when he was adjudged guilty in the second paragraph. This is consistent with the report of proceedings. But, the third paragraph, which relates to sentencing, fails to state affirmatively that defendant was present when "sentenced to COOK COUNTY JAIL for a term of ONE (1) YEAR." Because the Criminal Code specifically provides for a hearing to be held to impose sentence (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1), his presence at trial and when he was adjudged guilty does not warrant the assumption that he was also present when sentence was imposed, particularly since the common law record does not reflect his presence at that point in the proceedings. At best, the common law record is

ambiguous with respect to whether sentence was imposed in the defendant's presence, and I do not believe it supports the court's conclusion in the face of the report of proceedings showing the contrary.

In *People v. DePratto* (1976), 36 Ill. App. 3d 338, 342, 343 N.E.2d 628, this court held that where the report of proceedings and the common law record are in conflict, the report of proceedings prevails. The Supreme Court and this court as well have also held that where the common law record is contradicted by the report of proceedings, a reviewing court must resolve the inconsistency by looking at the record as a whole. (*People v. Williams* (1963), 27 Ill. 2d 327, 329, 189 N.E.2d 314; *People v. Webb* (1976), 38 Ill. App. 3d 629, 347 N.E.2d 486. See also *People v. Ford* (1974), 20 Ill. App. 3d 890, 314 N.E.2d 547.) In reaching my conclusions I have viewed the record as a whole.

I am not confident enough of the accuracy of the common law record to rely on it in preference to the report of proceedings because I find the former inaccurate in at least one respect. It states that the defendant did not say "anything further why the judgment should not now be pronounced against him on the finding of guilty entered in this cause." However, the report of proceedings clearly establishes that the defendant stated in open court after being found guilty and before any sentence was imposed that he did not do anything to the complainant and that he had been framed.

For these reasons, I am convinced that the trial judge overlooked imposing sentence on the defendant at least while he was before the court. Reviewing the record as a whole, I am more persuaded by the accuracy and completeness of the report of proceedings than by the common law record entry for January 16, 1975.

The mittimus which was prepared on January 16, 1975, obviously before the report of proceedings was transcribed, and which was signed by the deputy clerk of the circuit court rather than the judge, does state, as the majority points out, that the defendant was sentenced to imprisonment in the county jail for 1 year. But, this does not persuade me sentence was imposed while the defendant was physically present in the courtroom. Nor am I convinced by the fact that the defendant actually served 183 days before this court allowed an appeal bond. These circumstances merely mean to me that after the court directed that the defendant be taken away he was caught up in the wheels of a procedure which moved with such inflexible ritual that he was unable to elude their grasp for 183 days.

The majority opinion points out that the defendant made no claim before the trial court that the record was in error in showing that the defendant was present when sentenced. However, the defendant's contention is that the record as a whole demonstrates that he was not

present when the sentence was imposed. It would, therefore call upon the defendant for an unnecessary act to require him to request that the trial court amend the record.

Finally, it is relevant to point out that the State's Attorney with commendable forthrightness acknowledged the absence of the defendant by the following statement in the People's brief filed in this court:

> "Based upon what is contained in the record, it would appear that sentence was not pronounced in open court in the presence of the defendant through an oversight on the part of the trial judge. It would appear, based upon the record before us, that the defendant was removed from the court room and that on the same day, not in his presence, the court entered the sentencing order; accepting the recommendation of the prosecution. This being true, the record does not make an affirmative showing that the defendant was present during sentencing, nor is there anything in the record to indicate that the defendant waived his right to be so present. Under these circumstances the People are forced to concede that the record shows that the sentence was rendered in the absence of the defendant and that, therefore, the cause must be remanded to the trial court for re-sentencing."

If any sentence was actually imposed by the trial judge, the defendant's absence at the time of its imposition gives him the right to have it set aside. Sentencing of a person convicted of a crime cannot be indefinitely postponed or unduly delayed. (*People ex rel. Rudin v. Ruddell* (1970), 46 Ill. 2d 248, 263 N.E.2d 48; *People ex rel. Houston v. Frye* (1966), 35 Ill. 2d 591, 221 N.E.2d 287; *People v. Jones* (1972), 4 Ill. App. 3d 907, 282 N.E.2d 248.) In *Houston*, the court stated:

> "The rule is clear that such post-trial activity, including the imposition of sentence, may not be indefinitely postponed, for public policy and the effective enforcement of the criminal law require reasonable promptness in those areas of its administration where specific time limitations are not imposed. Whether a given period of delay is so unreasonable as to deprive a court of its authority to proceed is dependent in substantial measure upon the circumstances." (35 Ill. 2d 591, 593.)

The State had the opportunity to bring the defendant before the court for proper sentencing during the 183 days he was incarcerated. Because the State did not do this, there was an undue delay in the sentencing and the defendant should be discharged.

I can understand those who might say that a trial judge faced with a lengthy call is only human and could easily overlook imposing a sentence on a defendant in open court, and who then question the propriety of discharging a guilty man because of what they would characterize as a

technicality. But I would remind them that we are dealing here with an individual's constitutional right. If a court countenances bypassing constitutional rights because a guilty individual deserves a jail sentence, even in the case of one with as bad a record as this defendant, it becomes too tempting to continue to ignore constitutional rights as a matter of habit or convenience. This places even the innocent in peril. This is why I think it is incumbent upon this court to acknowledge the fact that through an oversight the defendant was deprived of a constitutional right as well as to accept the consequences of that deprivation.