58

(No. 66912.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DONALD SANDERS, Appellee.

*Opinion filed September 20, 1989.*

Neil F. Hartigan, Attorney General, of Springfield, and John A. Barra, State's Attorney, of Peoria (Robert J. Ruiz, Solicitor General, Terence M. Madsen and Marcia L. Friedl, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Richard H. Parsons, of Peoria, for appellee.

JUSTICE RYAN delivered the opinion of the court:

This criminal appeal presents two issues. The first issue is whether the trial court lost jurisdiction when it failed to sentence the defendant for almost 4½ years after his conviction. We reverse the appellate court on this issue and find that, based on the facts presented, the trial court did not lose jurisdiction. The second issue, which the appellate court did not address, is whether the trial court's refusal to vacate its judgment of bond forfeiture was correct. We conclude that the trial court judge properly refused to vacate the bond forfeiture judgment.

The facts giving rise to this appeal are as follows. The defendant, Donald Sanders, was one of seven individuals indicted in Peoria County for the offenses of theft, syndicated gambling, conspiracy to commit gambling, and two counts of gambling. Following a joint jury trial, Sanders was found guilty of all of the charged offenses except theft. This conviction occurred on September 2, 1982. On October 1, 1982, the defendant filed his post-trial motion. In the defendant's presence, the hearing on the motion and sentencing were scheduled for October 29, 1982. Sanders' bond was set at $20,000 ($2,000 cash deposited).

The defendant failed to appear at the October 29 hearing. His bond was forfeited and a warrant for his ar-

rest was issued with bond set at $40,000, and a hearing on the forfeiture was scheduled for December 3, 1982. The defendant did not respond by December 3. As a result, the trial judge entered judgment on the forfeiture and issued a warrant for defendant's arrest with no bond set.

Nine months later, on September 6, 1983, the defendant (through his attorney) requested a continuance because he was in Federal custody on a State warrant. The trial judge refused to vacate the $2,000 forfeiture judgment and bond was set at $75,000 ($7,500 cash). The case was continued for hearing on the defendant's post-trial motion and sentencing to October 14, 1983. On that date, the bond was reduced to $40,000 ($4,000 cash) and the case was continued by his attorney to November 21, 1983. The defendant posted $4,000 cash bond on October 17, 1983. On November 21, 1983, defense counsel again requested a continuance and the case was scheduled for a hearing on the defendant's post-trial motion and sentencing on January 16, 1984.

On January 13, 1984, the defendant filed a *pro se* "Motion to Dismiss Conviction" based on the November 16, 1983, decision of the Illinois Appellate Court in *People v. Jones* (1983), 119 Ill. App. 3d 883. *Jones* held that those individuals with whom the defendant had stood trial had not been prosecuted within 160 days as required by the Illinois speedy-trial act (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b)). The defendant contended that he was also entitled to relief on this ground and that his claim should be ruled on before the sentencing proceedings began.

On January 16, 1984, defendant appeared *pro se*, the State was served with his motion, and the cause was continued by agreement to March 30, 1984, "for hearing on defendant's motion if Supreme Court has ruled on State's petition" for leave to appeal in *Jones*. The trial

court did not hold the hearing on the defendant's motion on the scheduled date and the defendant did not raise the issue again.

This court granted leave to appeal in *Jones* on April 3, 1984. On November 30, 1984, this court reversed the appellate court's decision in *Jones* and held that there had been no constitutional or statutory speedy-trial violations. This court remanded the case to the appellate court for consideration of other issues. (*People v. Jones* (1984), 104 Ill. 2d 268.) The appellate court found no reversible error and issued its mandate on November 5, 1985.

The defendant later testified at his sentencing hearing with respect to his whereabouts during this time period. He stated that he resided in and was employed in Los Angeles, California, during 1984-86. He additionally testified that he worked undercover for the Los Angeles sheriff's department on and off throughout this time period after leaving the Federal Witness Protection Program in October 1983. For periods of three to four months at a time, the defendant would assume various identities and could not be reached through his legal name and address.

On June 13, 1986, approximately 2½ years after the defendant had last appeared in court, the State notified the defendant that his sentencing hearing would be held on June 30, 1986. This notice was sent to three different addresses in California. The defendant, however, did not appear at the scheduled sentencing hearing. As a result, his $40,000 bond ($4,000 cash) was forfeited and a warrant was issued with bond set at $75,000 ($7,500 cash). A hearing on the forfeiture was scheduled for July 31, 1986, and notice of the forfeiture was sent to the defendant on July 3, 1986. The defendant did not respond by July 31, and judgment was entered on the forfeiture and a warrant was issued with no bond set.

Three months later, on October 28, 1986, the defendant appeared, through counsel, and requested a continuance to November 13, 1986. On November 13, 1986, the defendant personally appeared and moved to continue the case to December 5, 1986, for the purpose of ordering a presentence investigation and to January 15, 1987, for sentencing. On December 5, the defendant moved to reinstate his $2,000 and $4,000 cash bonds, arguing that he had been in Federal custody from September 4, 1982, to October 18, 1983, and had not received notice of the hearing scheduled for July 31, 1986. A hearing on his motion was continued by agreement to January 15, 1987.

On January 12, 1987, defense counsel moved to withdraw because the defendant refused to contact him as requested and he had no knowledge of defendant's location. When he appeared at the scheduled January 15 hearing, defense counsel agreed to continue to represent the defendant and requested a continuance to January 30 for a hearing on the motion to reinstate the bond and on sentencing. On January 30, counsel again moved for another continuance on the motion and sentencing to February 27, 1987.

On February 6, 1987, defense counsel filed a memorandum of law objecting to the presentence investigation report and requesting that defendant be sentenced to probation only. The defense also filed a motion to conduct the sentencing hearing *in camera* and a memorandum of law in support of defendant's motion to reinstate bond.

A hearing on the pending defense motions and sentencing was held on the scheduled February 27 date. The trial judge denied defendant's motion for an *in camera* hearing, his motion to continue the sentencing date, and his request to vacate judgment on the $2,000 bond forfeiture. The trial court did, however, vacate the

$4,000 forfeiture judgment after noting that the defendant had called Judge Stephen Covey on several occasions with the message, "just let me know when I'm to appear and I will come." The judge imposed a two-year term of imprisonment for syndicated gambling, a concurrent two-year term of imprisonment for conspiracy to commit gambling, and a concurrent six-month term of imprisonment for gambling.

The defendant appealed, contending that the trial court lost jurisdiction to impose sentence because an inordinate amount of time had passed between his conviction and sentencing. The defendant also argued that the trial court erred in refusing to vacate its judgment on the $2,000 bond forfeiture. The appellate court held that the delay occurring from March 30, 1984, through June 30, 1986, was unreasonable and ordered defendant's discharge. The appellate court did not address the issue of the bond forfeiture. (166 Ill. App. 3d 1149 (unpublished order under Supreme Court Rule 23).) We granted leave to appeal.

We now consider the first issue of whether the trial court lost jurisdiction as a result of the 4½-year delay between the defendant's conviction and sentencing. It is well established in Illinois that "an undue delay between the entry of judgment and the execution of the sentence deprives the sentencing court of jurisdiction." (*People ex rel. Rudin v. Ruddell* (1970), 46 Ill. 2d 248, 249; see also *People ex rel. Houston v. Frye* (1966), 35 Ill. 2d 591; *People ex rel. Rose v. Randolph* (1965), 33 Ill. 2d 453.) We further note, however, that "[w]hether a given period of delay is so unreasonable as to deprive a court of its authority to proceed is dependent in substantial measure upon the circumstances." *Frye*, 35 Ill. 2d at 593.

Upon review of the facts in this case, we find that the delay between conviction and sentencing was largely attributable to the defendant's own actions. Although

the defendant was aware of various hearing dates, he failed to appear or make the court aware of his location. Additionally, the facts reveal that the defendant requested several continuances and took actions that delayed sentencing. The defendant cannot now complain on appeal that the delay, which he largely contributed to, was so unreasonable as to deprive the trial court of jurisdiction. We therefore reverse the appellate court on this issue.

The State argues on appeal that the defendant waived his claim of undue delay in sentencing by failing to raise the issue in the trial court. The facts indicate that the delay was caused in large part by the defendant and was not unreasonable; based upon these factors, we need not reach this issue.

We now address the second issue of this case: whether the trial court's refusal to vacate its judgment of the $2,000 cash bond forfeiture was correct. The appellate court did not address this issue. We find, under the facts of this case, that the trial court did not err in refusing to vacate the forfeiture.

The applicable statutory provision states:

"(g) If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State ***." Ill. Rev. Stat. 1987, ch. 38, par. 110—7(g) (formerly Ill. Rev. Stat. 1981, ch. 38, par. 110—7(h)).

On September 2, 1982, a hearing on the defendant's post-trial motions and sentencing was set for October 29, 1982. Although the defendant was present on September

2, he failed to appear on October 29. Accordingly, the trial court declared his $2,000 bond forfeited, set a hearing on the forfeiture for December 3, 1982, and ordered issuance of a warrant for defendant's arrest with bond set at $40,000 ($4,000 cash). The record reflects no response from the defendant. Pursuant to section 110—7(h) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(h) (now Ill. Rev. Stat. 1987, ch. 38, par. 110—7(g))), on December 3, 1982, the court entered a judgment of forfeiture and issued a warrant for defendant's arrest. On September 6, 1983, the court denied the defendant's motion to vacate the forfeiture judgment. On December 5, 1986, the defendant again moved for reinstatement of his bond, explaining that he had been arrested in Chicago and remained in Federal custody for approximately 60 days in September and October 1983. The trial court denied this motion.

Section 110—7(g) provides that a defendant may avoid judgment of forfeiture by simply notifying the court within the 30 days of forfeiture that without his fault he cannot appear. The record indicates that notices of the forfeiture were sent to the defendant. The defendant's Federal incarceration did not prevent him from notifying the court within 30 days of the bond forfeiture, or from timely bringing his unavailability to the court's attention. He knew the conditions of his bond, but made no effort to comply. We note that defendant did attempt to comply with the conditions of the $4,000 cash bond, or at least did not attempt to avoid them, by calling Judge Covey of the circuit court of Peoria County and telling Judge Covey to let him know when he was to appear. Based on this information, the trial judge reinstated the $4,000 cash bond. However, the trial judge was not satisfied that defendant could not have notified the court that he was unable to appear for sentencing on October 29, 1982, pursuant to the condition of the

$2,000 cash bond. The bond was properly forfeited and defendant did not comply with the terms of section 110—7(g) (formerly section 110—7(h)) within 30 days and has not shown why the limitation of this section of the statute should not preclude him from relief after 30 days from the forfeiture order. We conclude the trial court did not improperly refuse to vacate the forfeiture.

For the foregoing reasons, the decision of the appellate court is reversed and the cause is remanded to the appellate court to consider other issues raised by defendant, but not addressed by the appellate court.

*Reversed and remanded*
*with instructions.*