THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID W. WILLIAMS, Defendant-Appellee.

Second District    No. 2—99—0246

Opinion filed January 19, 2000.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy and Peter Baroni, Assistant State's Attorneys, and Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John F. Donahue, of Donahue, Sowa & Bugos, of Lisle, and Daniel E. Brown, of Law Offices of Donahue, Sowa & Bugos, of Geneva, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Following a bench trial, defendant, David W. Williams, was found guilty of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1992)) and failing to reduce his speed to avoid an accident (625 ILCS 5/11—601(a) (West 1992)). A trial court scheduling error led to a four-year delay between defendant's convictions and the State's request for a sentencing hearing. The trial court subsequently granted defendant's motion to dismiss the charges. On appeal, the State argues that defendant may not challenge the delay because he failed to notify the court of the scheduling error. We affirm after concluding that (1) defendant did not cause the delay and was not obligated to alert the court to its error and (2) the trial court properly exercised its inherent authority to dismiss the case.

On June 21, 1994, defendant was found guilty and defense counsel requested that the court postpone sentencing until 9 a.m. on July 20, 1994, so defendant could be evaluated for alcohol dependency. The transcript reveals that the trial judge granted the continuance, but the court erroneously set July 9, 1994, a Saturday, for sentencing. Defendant was released on an individual bond under which he was required to "appear each time as ordered by the [c]ourt." Defendant was never sentenced.

On September 1, 1998, the State discovered the error and moved

for a sentencing hearing, and defendant responded by moving to dismiss the charges. The trial court granted defendant's motion, concluding that defendant did not cause the delay and that the delay divested the court of jurisdiction. The State timely appeals.

■ On appeal, the State contends that the delay between defendant's conviction and sentencing did not cause the trial court to lose jurisdiction. A trial court may not indefinitely postpone posttrial proceedings, including sentencing, because public policy and the effective enforcement of the criminal law require reasonable promptness where specific time limitations are not imposed. *People ex rel. Houston v. Frye*, 35 Ill. 2d 591, 593 (1966). It is well established that an undue delay between the entry of judgment and the execution of the sentence deprives the sentencing court of jurisdiction. See *People v. Sanders*, 131 Ill. 2d 58, 63 (1989); *People ex rel. Rudin v. Ruddell*, 46 Ill. 2d 248, 249 (1970); *Houston*, 35 Ill. 2d at 593. Whether a delay is so unreasonable that it deprives the court of its authority to proceed depends on the circumstances, and a delay is not unreasonable if the defendant causes it. *Sanders*, 131 Ill. 2d at 63-64.

■ The State argues that, because defendant requested a continuance for a sentencing evaluation, he implicitly agreed to any additional delay before sentencing. We disagree. Defendant requested one 30-day continuance to obtain a sentencing evaluation and agreed to appear for sentencing on July 20, 1994. The trial judge agreed to sentence defendant on that date, but the court mistakenly set the hearing for a Saturday. Furthermore, the State offers no explanation for its failure to request sentencing until four years after defendant's conviction. Under these circumstances, the trial court's determination that the defendant did not cause the delay and was not responsible for the trial court's clerical error is not against the manifest weight of the evidence or manifestly erroneous. See *Sanders*, 131 Ill. 2d at 63.

In *Sanders*, our supreme court concluded that the defendant was responsible for the 4½-year delay between his conviction and sentencing. Although the defendant knew of his various hearing dates, he failed to appear or notify the court of his location. The defendant also requested several continuances that delayed sentencing. *Sanders*, 131 Ill. 2d at 63-64. This case is distinguishable because this defendant requested only one 30-day continuance, attended every hearing, and ostensibly would have appeared for sentencing if the trial court had set a proper date.

Relying on *Miller v. Aderhold*, 288 U.S. 206, 77 L. Ed. 702, 53 S. Ct. 325 (1933), the State argues that, even if defendant did not cause the delay, he may not challenge it as unreasonable because he failed to alert the court to its scheduling error. In *Miller*, the defendant pleaded

guilty to stealing from the United States mails, and the trial court postponed sentencing indefinitely and released the defendant. Six months later, a different trial judge sentenced the defendant to four years' imprisonment. The Court concluded that the six-month delay did not deprive the trial court of jurisdiction to sentence the defendant. The Court noted that because the order postponing sentencing was void, the defendant could have eliminated any prejudice from the brief delay by requesting a sentencing hearing. Because the defendant failed to make such a request, he consented to the delay. *Miller*, 288 U.S. at 210, 77 L. Ed. at 705, 53 S. Ct. at 326. However, the Court did not consider whether a longer delay could deny a defendant his due process rights. In *Miller*, the defendant expected a brief delay and was sentenced six months after he was convicted. In this case, the trial court did not expressly postpone sentencing after defendant's 30-day continuance expired and defendant was not asked to appear until 4 years passed. We conclude that, because the unexplained delay in sentencing was so long, defendant's due process rights were violated.

The State's reliance on *People ex rel. Kelly v. Ragen*, 392 Ill. 423 (1946), is misplaced. In that case, the defendant was found guilty of armed robbery and incarcerated. The defendant was subsequently released on bond pending a Supreme Court ruling on his *habeas corpus* petition. The defendant understood that, as a condition of his release, he was required to surrender if the Court denied his petition. The defendant failed to return until 12 years after the Court denied the petition, but the trial court retained jurisdiction to impose a sentence. *Kelly*, 392 Ill. at 427. In this case, defendant was released on bond and was required to "appear each time as ordered by the [c]ourt." Defendant attended every hearing and was not ordered to return after July 9, 1994, until the State moved for sentencing on September 1, 1998. Unlike in *Kelly*, this defendant did not violate the terms of his bond by failing to appear as required.

In *People v. Jones*, 4 Ill. App. 3d 907 (1972), the trial court sentenced the defendant over 2½ years after he was convicted and 18 months after he requested a sentencing hearing. The Appellate Court, Fifth District, held that the delay was unreasonable and unexplained and that the trial court was without jurisdiction to impose a sentence. *Jones*, 4 Ill. App. 3d at 910. Although the court noted that the defendant actively pursued a prompt disposition, the court did not announce a rule requiring similar sentencing requests from future defendants. We hold that a defendant's failure to request a sentencing hearing is merely a factor to consider when determining whether a delay in sentencing is unreasonable. See *Sanders*, 131 Ill. 2d at 63-64.

Finally, the State argues that, if the trial court lost jurisdiction af-

ter the delay, the court lacked the authority to dismiss the charges against defendant. A trial court has the inherent authority to dismiss a charge when an unreasonable delay clearly violates a defendant's due process rights. *People v. Murray*, 306 Ill. App. 3d 280, 282 (1999). We conclude that the trial court properly exercised its authority to dismiss the charges against defendant.

For these reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

THOMAS and RAPP, JJ., concur.