# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Schlabach, 2012 IL App (2d) 100248**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL L. SCHLABACH, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0248 |
| Filed | January 31, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The defendant's petition under section 2-1401 of the Code of Civil Procedure seeking to vacate his 2002 conviction for aggravated driving under the influence of alcohol entered pursuant to a plea agreement including a guilty plea to intimidation was improperly dismissed where the DUI sentence of court costs only was not a proper disposition, thereby rendering the sentence void, but defendant's contention that the only remedy was to vacate the DUI conviction was rejected by the appellate court, since the void sentence resulted in the plea agreement being unenforceable and the only proper remedy was to allow defendant to withdraw the plea or remand the cause for imposition of a proper sentence; therefore, the cause was remanded with directions to properly admonish defendant as to the possible sentences, including the fact that the sentences had to be consecutive, and then allow him to elect to withdraw his plea or have the sentence for DUI corrected, with the caveat that the State could refuse withdrawal of the plea if it would be prejudiced and an alternative was available. |

| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 01-CF-2819; the Hon. Fred L. Foreman, Judge, presiding. |
|---|---|
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion. Justices Hutchinson and Hudson concurred in the judgment and opinion. |

## OPINION

¶ 1      Defendant, Daniel L. Schlabach, appeals from the dismissal of his petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)) in which he sought to vacate his 2002 conviction of aggravated driving under the influence of alcohol (aggravated DUI) (625 ILCS 5/11-501(d)(2) (West 2000)). That conviction was entered under a plea agreement in which he also pleaded guilty to–and received a nine-year sentence for–intimidation (720 ILCS 5/12-6(a)(1) (West 2000)). For the aggravated DUI, he received a sentence of court costs only. On appeal, defendant asserts that the sentence he received for aggravated DUI was void and cannot stand. He further asserts that, because of the years that have passed since his sentencing, the only remedy that does not violate his due-process rights is to vacate the aggravated DUI conviction. We agree that the sentence was void. However, we disagree that due process requires vacatur of the conviction. Moreover, we conclude that the void aggravated DUI sentence resulted in the plea agreement being defective and unenforceable as the court set it out. Because any remedy for the void sentence must also be a remedy for the failed plea agreement, something that might be accomplished by a new agreement between the parties, we reverse the dismissal of defendant's section 2-1401 petition and remand the matter for corrections of the errors we have described.

¶ 2         I. BACKGROUND

¶ 3       A Lake County grand jury indicted defendant on two counts (two theories of intoxication) of DUI (enhanced) (625 ILCS 5/11-501(c-1)(1) (West 2000)), with the enhancement based on his license having been revoked for an earlier DUI conviction; two counts (two theories of intoxication) of aggravated DUI (625 ILCS 5/11-501(d)(1) (West 2000)), with the aggravation based on two prior DUI convictions; a count of driving with a revoked license (enhanced) (625 ILCS 5/6-303(d) (West 2000)), with the enhancement based on the DUI-based revocation; and one count of unlawful possession of more than 2.5, but less than 10, grams of cannabis (720 ILCS 550/4(b) (West 2000)). His arrest occurred on August 24, 2001; he was released on bond on August 28, 2001.

¶ 4       While those charges were pending, defendant was arrested on the basis of an accusation of sexual assault. A grand jury indicted him on two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2000)) and two counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2000)). The indictment, which was filed under a new case number, alleged that the acts constituting the offense took place on September 30, 2001.[1]

¶ 5       A guilty plea hearing for both cases took place on May 8, 2002. The State told the court that, in the sexual assault case, the State would ask leave to add a count of intimidation, a Class 3 felony with a special sentencing range of 2 to 10 years (720 ILCS 5/12-6(b) (West 2000)). The agreement called for defendant to plead guilty to that count and to receive a nine-year sentence. He would also plead guilty to aggravated DUI. Concerning that count, the State told the court that "there would be a conviction of record on that."

¶ 6       The court admonished defendant of the sentencing range for intimidation. It noted that he had been facing Class X felony charges in that case. It further told him that the form of aggravated DUI to which he had agreed to plead guilty was a Class 4 felony with a sentencing range of one to three or three to six years' imprisonment depending on his extended-term eligibility.

¶ 7       After the court and the State clarified that the count to which he would plead guilty in this case was count III of the indictment, defendant personally asked the court, "Does that run concurrent?" The court responded, "That's just a conviction. You are not catching any time on the agg[ravated] DUI. Is that okay?" Defendant replied, "Sure."

¶ 8       The court asked defendant if he admitted the facts on which the aggravated DUI charge was based, and defendant said that he did. The court next asked for the factual basis for the intimidation charge. After the State presented it, the court accepted defendant's plea of guilty to intimidation and sentenced him to nine years' imprisonment. Finally, the court said, "On the DUI[,] conviction is entered. Court costs are assessed. Judgment for the court costs."

¶ 9       The record contains a form entitled "Report of Felony Conviction." It states that defendant's aggravated DUI conviction was one under section 11-501(d)(1)(A) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(d)(1)(A) (West 2000)). No sentence is recorded.

---

[1]We take judicial notice of this indictment, which is part of case No. 01-CF-3234. See, *e.g.*, *Country Cos. v. Universal Underwriters Insurance Co.*, 343 Ill. App. 3d 224, 229 (2003) (noting that a reviewing court may take judicial notice of public records).

¶ 10 Seven years after defendant pleaded guilty, he filed a *pro se* section 2-1401 petition in which he sought to vacate his guilty plea to aggravated DUI. He alleged that his plea was involuntary as a result of side effects of his alcoholism and because he had incorrectly believed that the conviction would count as his third DUI. The State filed a "Response" in which it asked the court to dismiss the petition as untimely. The court agreed that the petition was untimely and dismissed it; it also denied defendant's motion to reconsider. Defendant filed a timely notice of appeal, and the court appointed the office of the State Appellate Defender to represent him. The office moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), asserting that the appeal presented no meritorious issue. We denied the motion without prejudice, noting that the sentence of costs only for the aggravated DUI appeared to be void and asking the office to address the effect of the lack of a valid sentence on defendant's conviction. The office has filed a brief on defendant's behalf.

¶ 11            II. ANALYSIS

¶ 12 Defendant now argues first that his aggravated DUI sentence of costs only was void and that, therefore, the two-year limitations period of section 2-1401(c) was inapplicable to his petition. He further argues that it is now too late to sentence him. He asserts that "Due Process requires reasonably prompt sentencing" and that the failure to sentence a defendant within a reasonable amount of time results in a loss of the court's jurisdiction to do so.

¶ 13 The State notes that the petition did not raise the voidness claim and argues that the limitations period was applicable. However, it admits that the voidness claim can be raised at any time that jurisdiction exists, including during the appeal of the disposition of a section 2-1401 petition. Thus, it admits that the question of whether the trial court erred in dismissing the petition is not central to this appeal. We agree with this admission; under *People v. Thompson*, 209 Ill. 2d 19, 27 (2004), a voidness claim can be raised for the first time on appeal, including a collateral appeal.

¶ 14 On the merits, the State agrees that the costs-only sentence was void. It disagrees that it is too late to give defendant an authorized sentence. It suggests that the proper remedy would be either to allow defendant to withdraw his plea *to aggravated DUI* or to remand the matter for imposition of a proper sentence.

¶ 15 Preliminarily, we agree with the parties that the costs-only sentence was void. Defendant's aggravated DUI conviction was under section 11-501(d)(1)(A) of the Code. Under section 11-501(d)(2) of the Code (625 ILCS 5/11-501(d)(2) (West 2000)), such an offense is a Class 4 felony. Under section 5-5-3(b) of the Unified Code of Corrections (730 ILCS 5/5-5-3(b) (West 2000)), which lists all authorized dispositions for felonies, court costs alone is not an authorized disposition. Further, under the same section, "[n]either a fine nor restitution shall be the sole disposition for a felony and either or both may be imposed only in conjunction with another disposition." 730 ILCS 5/5-5-3(b) (West 2000). The costs-only disposition was thus not an authorized disposition. Moreover, because defendant committed intimidation while out of jail on bond for the aggravated DUI, the sentences for intimidation and aggravated DUI must be consecutive. See 730 ILCS 5/5-8-4(h) (West 2000) (now 730

ILCS 5/5-8-4(d)(8) (West 2010)) ("[i]f a person charged with a felony commits a separate felony while on pre-trial release ***, then the sentences imposed upon conviction of these felonies shall be served consecutively").

¶ 16    Those preliminaries complete, we will first explain why due-process considerations *do not* prevent defendant's resentencing. We will then explain why, under the rule in *People v. Brown*, 225 Ill. 2d 188 (2007), both of defendant's convictions are voidable.

¶ 17    Defendant cites a line of cases beginning with *People ex rel. Boenert v. Barrett*, 202 Ill. 287, 290-91 (1903), and continuing through *People v. Williams*, 309 Ill. App. 3d 1022, 1024-25 (2000), for the proposition that an extraordinary delay in sentencing is a due-process violation the remedy for which is vacatur of the conviction. We deem those cases to be inapposite. The problem that the line of cases originally addressed was one of courts' using a delay in sentencing as a kind of substitute for probation. The *Boenert* court explains the concern clearly:

    "There can be no doubt that a court has the right, in a criminal cause, to delay pronouncing judgment for a reasonable time, for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or to give the defendant time to perfect an appeal or writ of error, or for other proper causes; but to suspend indefinitely the pronouncing of the sentence after conviction, or to suspend indefinitely the execution of the judgment after sentence pronounced, is not within the power of the court. To allow such a power would place the criminal at the caprice of the judge. If the judge can delay the sentence one year he could delay it for fifteen years, or any length of time." *Boenert*, 202 Ill. at 290-91.

The abuse was the court's arbitrary attempt to retain jurisdiction and control over the defendant. In *Williams*, we held that a court's unintentional, but also arbitrary, delay of more than four years in sentencing was contrary to the defendant's due-process rights and had divested the court of jurisdiction. *Williams*, 309 Ill. App. 3d at 1024-25.

¶ 18    This is not a case of arbitrarily delayed sentencing or of an attempt by the trial court to retain jurisdiction indefinitely. We note that defendant himself restored jurisdiction to the trial court by filing his section 2-1401 petition. He had control of the timing (although he has explained his delay as a result of his not knowing that the aggravated DUI conviction would prevent his getting a driver's license). It would be a strange rule that would allow defendant's conviction to stand had he filed his petition promptly, but would reward him for years' delay by then requiring the court to vacate his conviction. Moreover, this is a matter involving a void sentence, which can be corrected at any time that the matter is properly before a court. *E.g.*, *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 557 (2002).

¶ 19    Although defendant's void sentence does not force us to vacate defendant's aggravated DUI conviction, it does make that conviction–and the intimidation conviction–voidable. This follows from the rule in *Brown* and from a consideration of defendant's plea agreement.

¶ 20    In *Brown*, the supreme court held that, although an essential step on the way to a conviction might be void and subject to vacatur at any time, the resulting conviction is only *conditionally* invalid–voidable, not void. It ruled that a defendant's juvenile transfer hearing was void *ab initio* because it was conducted using standards set out in a law that the court

-5-

had already held to be void. *Brown*, 225 Ill. 2d at 198-99. However–although the defendant's criminal-court guilty plea and resulting conviction could not have happened had not the defendant been transferred from the juvenile court–the resulting conviction was not void. *Brown*, 225 Ill. 2d at 202. The trial court, to which the supreme court remanded the matter, would need to vacate the conviction only if, after a new juvenile transfer hearing using the proper standards, it ruled against transfer. *Brown*, 225 Ill. 2d at 202. Put another way, the holding that the transfer was void did not turn the clock back to the moment before the transfer; a court need not *necessarily* start over from the step or decision that went wrong; it need not always undo every later action.

¶ 21 Here, we must order that defendant receive a legally authorized sentence. That cannot be done within the terms of the plea agreement; simply adding an authorized sentence for the aggravated DUI to the sentence that defendant has already served would deprive defendant of the benefit of his bargain. Such a result would not be consistent with due process. See *People v. Whitfield*, 217 Ill. 2d 177, 194, 202 (2005) (due process entitles a defendant to the benefit of his or her bargain in a plea agreement, and he or she is entitled either to have the promises fulfilled or to withdraw the plea). That does not mean that we must vacate his convictions or that the trial court necessarily will. The sentencing error in this case is akin to that in *Whitfield*. That is, here, much as in *Whitfield*, the court failed to admonish defendant of an aspect of his sentence that the law required the court to impose. See *Whitfield*, 217 Ill. 2d at 190-91 (where the court failed to admonish the defendant that a term of mandatory supervised release (MSR) was a part of his sentence, his plea agreement, which could not be enforced as set out, was one for a term of imprisonment *without* MSR). Thus, defendant may, without needing the State's agreement, seek modification of his sentences to ones that are authorized but that nevertheless give him the benefit of his bargain. See *Whitfield*, 217 Ill. 2d at 203 (where the defendant was admonished that he would receive a sentence of 25 years' imprisonment without mention of MSR, the court should have modified it to one of 22 years' imprisonment and 3 years of MSR, the authorized sentence that most closely approximated the plea agreement). Defendant did not receive the minimum sentence for intimidation. Thus, he could request that he receive a proper sentence for aggravated DUI, but that his intimidation sentence be retroactively reduced accordingly to compensate.

¶ 22 The State has suggested that defendant should be allowed to withdraw his aggravated DUI guilty plea. The State and defendant could agree to that resolution on remand, but it is not a remedy that we can impose now. First, as noted, defendant may seek the benefit of his bargain rather than the withdrawal of his pleas. Second, as we later explain, defendant's delay in seeking relief might foreclose the withdrawal of his pleas. Third, and in any event, defendant may not withdraw only his aggravated DUI plea without the State's agreement, as there was only one nonseverable plea agreement that resolved both cases.

¶ 23 Contract-law principles of severability apply here. "Absent due process concerns, the validity of a plea agreement is generally governed by contract law." *People v. Bannister*, 236 Ill. 2d 1, 9 (2009).

¶ 24 The resolution of the aggravated DUI case is not severable from the resolution of the intimidation case. "An unenforceable provision [of a contract] is severable unless it is 'so

-6-

closely connected' with the remainder of the contract that to enforce the valid provisions of the contract without it 'would be tantamount to rewriting the [a]greement.' " *Wigginton v. Dell, Inc.*, 382 Ill. App. 3d 1189, 1198 (2008) (quoting *Abbott-Interfast Corp. v. Harkabus*, 250 Ill. App. 3d 13, 21 (1993)). An agreement by which defendant would get a nine-year sentence for intimidation but that would not resolve the aggravated DUI charge would not have given defendant the same benefit as the agreement made. Defendant would have been certain of receiving the nine-year sentence, but still would face the risk of more imprisonment for aggravated DUI. Moreover, the State would have been unlikely to agree to a costs-only sentence for the aggravated DUI in a stand-alone agreement. One thus cannot treat the agreement as two separate agreements joined only as a matter of form; there was only one agreement.

¶ 25    Because defendant's void sentence must be corrected, we reverse the dismissal of his section 2-1401 petition and remand the matter to the trial court. On remand, the trial court must correctly admonish defendant of the possible sentences, including informing him that the sentences must be consecutive. Defendant may then seek a *Whitfield*-type correction of his sentences. The *Whitfield* court also stated that a defendant will *generally* be entitled to elect between the remedies of correction of the sentence and withdrawal of the guilty plea. *Whitfield*, 217 Ill. 2d at 202. It did, however, suggest that, where a defendant's delay in seeking relief would cause the State undue prejudice upon withdrawal of a guilty plea, a court would have discretion to refuse that remedy if an alternative is available. *Whitfield*, 217 Ill. 2d at 203. Subject to that caveat, defendant may withdraw both pleas or, with the State's agreement, withdraw only the plea for aggravated DUI.

¶ 26                                III. CONCLUSION

¶ 27    The judgment of the circuit court of Lake County dismissing defendant's petition is reversed, and the cause is remanded with directions.

¶ 28    Reversed and remanded with directions.